395 So.2d 610 (1981)
James RUSHTON, Appellant,
v.
STATE of Florida, Appellee.
No. 80-110.
District Court of Appeal of Florida, Fifth District.
March 25, 1981.
*611 Edward J. Richardson and Richard E. Gordon of Saxon & Richardson, P.A., Melbourne, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
Appellant was convicted of vehicular homicide under section 782.071, Florida Statutes (1977). He contends that the trial court erred in: (1) not instructing the jury on lesser included offenses; (2) refusing to give his requested instruction on the burden of proof required to support conviction and (3) not granting his motion for judgment of acquittal.
Appellant now correctly contends that reckless driving[1] is a lesser included offense of vehicular homicide. Chikitus v. Shands, 373 So.2d 904 (Fla. 1979); State v. Young, 371 So.2d 1029 (Fla. 1979); McCreary v. State, 371 So.2d 1024 (Fla. 1979). However, this contention was not made at trial and no instruction on lesser included offenses was requested.[2] Thus, this point was not presented to the trial court and has not been preserved for appeal. Fla.R.Cr.P., 3.390(d).
The refusal by the trial court to give the requested instruction poses a more vexatious problem.[3] The trial court was obviously hampered by the fact that there is no standard jury instruction on vehicular homicide. He instructed the jury that:
Vehicular homicide is the killing of a human being by the operation of a motor vehicle by another in a reckless manner likely to cause the death or great bodily harm to another. The essential elements of this crime ... are ... that [the victim] is dead, that such death resulted from the operation of a vehicle by the *612 defendant ... and that said vehicle was operated in a reckless manner likely to cause death or great bodily harm to another ...
This instruction tracks the language of section 782.071. The court then told the jury that the degree of proof required was less than culpable negligence, which he defined, and greater than ordinary negligence, and said:
Reckless operation of a motor vehicle requires that degree of negligence which falls short of culpable negligence as defined in manslaughter, but where the degree of negligence is more than a failure to use ordinary care.
It is to be noted that the only essential difference between the instruction given by the court and the instruction requested by defendant is that the latter requires the jury to find the vehicle was operated in a willful, wanton and reckless manner likely to cause death or great bodily harm, while the former uses only the adjective reckless. Appellant contends that since the reckless driving statute, section 316.192, defines that crime as the operation of a motor vehicle "in willful or wanton disregard for the safety of persons or property ...," and since proof of reckless driving is necessary to proof of vehicular homicide, Chikitus, supra, the charging language of the reckless driving statute must be included in the definition of vehicular homicide. We cannot agree.
Appellant is really addressing the argument involving lesser included offenses, which we have already disposed of. We are not now trying to determine if reckless driving is a lesser included offense of vehicular homicide, because we know that it is. That does not mean, however, that we must define the lower crime in order to define the higher crime. The trial court was obligated, in this case, to define the crime of vehicular homicide. He correctly held that this was a new crime, requiring a lesser degree of proof than manslaughter and a higher degree of proof than reckless driving. McCreary, supra.
The adjectives "reckless" or "willful and wanton" by themselves are not significant because they are often used interchangeably.[4] Their significance is found in the phrases which they modify and in the acts which they proscribe. To attempt to rely on pure definition finds us in the legal quagmire described by the Supreme Court in Ingram v. Pettit, 340 So.2d 922 (Fla. 1976), viz:
Our jurisprudence reflects the history of difficulty in dividing negligence into degrees. The distinctions articulated in labeling particular conduct as "simple negligence," "culpable negligence," "gross negligence," and "willful and wanton misconduct" are best viewed as statements of public policy. These semantic refinements also serve a useful purpose in advising jurors of the factors to be considered in those situations where the lines are indistinct. We would deceive ourselves, however, if we viewed these distinctions as finite legal categories and permitted the characterization alone to cloud the policies they were created to foster. Our guide is not found in the grammar, but rather in the policy of the state in regard to highway accidents.
According to how it is used, the phrase "reckless driving" may mean desperately heedless, wanton or willful, or it may mean only careless, inattentive or negligent. Black's Law Dictionary 1142 (5th ed. 1979). The conduct proscribed by the vehicular homicide statute is the operation of a motor vehicle in a reckless manner likely to cause the death of, or great bodily harm to another. Thus, to convict, the jury must find that the operation of the vehicle in question *613 is such as is likely to cause the specific harm, i.e., death of or great bodily harm to another. In the reckless driving statute, although using the words "willful and wanton," the act proscribed is the disregard of the safety of others.
Thus, adding the words "willful and wanton" to the instruction would change nothing, because appellant did not suggest that the act or conduct proscribed should be different. If the requested phrase meant nothing more than "reckless" in the context used, then it added nothing. However, if it was intended to raise the level of proof to that of culpable negligence,[5] then it went too far, and in either case it was properly rejected.
Since the evidence as to the proscribed conduct was sufficient to submit to the jury, there was no error in denying appellant's motion for directed verdict of acquittal.
The judgment of conviction is
AFFIRMED.
COBB, J., and GREEN, OLIVER L., Associate Judge, concur.
NOTES
[1] Section 316.192, Florida Statutes (1977).
[2] When questioned by the trial judge on this point, both the State and the defense agreed that there were no lesser included offenses.
[3] The requested instruction read:

Members of the jury, I instruct you that in order for you to find the defendant James Rushton guilty of the charge of vehicular homicide, you must find from the evidence and testimony presented that James Rushton did operate the motor vehicle in a willful, wanton and reckless manner that was likely to cause death or great bodily harm to another person.
[4] See, e.g., Black's Law Dictionary 1142 (5th ed. 1979), where "reckless driving" is defined as:

Operation of automobile manifesting reckless disregard of possible consequences and indifference to other drivers. To establish statutory offense of reckless driving requires proof that defendant in management of automobile intentionally did something with knowledge that injury to another was probable or acted with wanton and reckless disregard for safety of others and in reckless disregard of consequences of acts.
[5] See McCreary v. State, 371 So.2d 1024 (Fla. 1979), for a definition of culpable negligence which includes, in that context, the words "reckless" and "wantonness."