CAMPBELL, Judge.
Verdie Williams was charged with first degree murder and convicted of second degree murder. We affirm.
The testimony at trial was that appellant was seen outside the Silver Bar in Braden-ton, Florida. The witnesses observed appellant peeping around the corner of the building from time to time and staring at a crowd that had gathered in front of the Silver Bar. Sometime after appellant had been seen peeping around the corner at the crowd, appellant was seen approaching the crowd carrying a shotgun. Appellant then shot the victim Simmons, first in the leg and subsequently in the back. Simmons died as a result of these wounds.
The court instructed the jury on first degree premeditated murder and second degree murder. However, appellant argues that the court erred in failing to instruct the jury on third degree murder. Appellant supports this contention with the supreme court’s decision in Martin v. State, 342 So.2d 501 (Fla.1977), wherein the court held that in a prosecution for first degree murder, the court should instruct on all degrees of murder. Appellant further sug *776 gests that the error cannot be deemed harmless under the two-step-removed doctrine of State v. Abreau, 363 So.2d 1063 (Fla.1978), because third degree murder is only one step away from the crime of which he was convicted. Hunter v. State, 389 So.2d 661 (Fla. 4th DCA 1980).
We find appellant’s contention to be totally without merit. Rule 3.490, Florida Rules of Criminal Procedure, was amended since Martin to read as follows:
If the indictment or information charges an offense divided into degrees, the jury may find the defendant guilty of the offense charged or any lesser degree supported by the evidence. The judge shall not instruct on any degree as to which there is no evidence.
See In Re Standard Jury Instruction in Criminal Cases, Nos. 56,734 & 58,799 (Fla. Apr. 16, 1982). In the present case, there was no evidence in the record to support a charge of third degree murder. Therefore, the court properly declined to give an instruction on third degree murder, and it is unnecessary for us to consider the applicability of the two-step-removed doctrine.
AFFIRMED.
OTT, C.J., and BOARDMAN, J., concur.