SHARP, Judge.
The sole material issue in this case is whether the trial court erred in refusing to give defense counsel’s requested instruction on third degree murder. § 782.04(4), Fla.Stat. (1983).[1] Green was charged with first degree murder,[2] and the trial court gave the jury instructions on second degree murder,[3] and on manslaughter.[4] The jury convicted Green of second degree murder. We affirm.
Defense counsel argued that proof at trial established the underlying felony of discharging a firearm into an occupied dwelling or at an occupied vehicle.[5] The allegations in the indictment[6] and proof at trial established that the victim was killed by Green with a bullet fired from his rifle as she was standing near a truck. She was unaware she was being fired upon, and she died instantly. Green testified he fired either at a nearby bar or at the truck.
We do not think that in this case the third degree felony murder instruction should have been given because it is not a lesser included offense of premeditated first degree murder. See The Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Florida Standard Jury Instructions, Schedule of Lesser Included Offenses (1981 ed.). The underlying felony urged by defense counsel — firing at an occupied dwelling or into an occupied car — contains different statutory elements than simple first degree murder. Therefore, neither Florida Rule of Criminal Pro *528 cedure 3.510,[7] nor Florida Rule of Criminal Procedure 3.490[8] require the giving of the requested instruction. Third degree felony murder is not a degree crime of simple premeditated murder.
AFFIRMED.
ORFINGER, J., and BLOUNT, URIEL, Jr., Associate Judge, concur.

.That crime is defined as:
(4) The unlawful killing of a human being, when perpetrated without any design to effect death, by a person engaged in the perpetration of, or in the attempt to perpetrate, any felony other than any:
(a) Trafficking offense prohibited by s. 893.135(1),
(b) Arson,
(c) Sexual battery,
(d) Robbery,
(e) Burglary,
(f) Kidnapping,
(g) Escape,
(h) Aircraft piracy,
(i) Unlawful throwing, placing, or discharging of a destructive device or bomb, or
(j) Unlawful distribution of opium or any synthetic or natural salt, compound, derivative, or preparation or opium by a person 18 years of age or older, when such drug is proven to be the proximate cause of the death of the user,
ís murder in the third degree and constitutes a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.-084.

. § 782.04(l)(a)(l), Fla.Stat. (1983).

. § 782.04(2), Fla.Stat. (1983).

. § 782.07, Fla.Stat. (1983).

. § 790.19, Fla.Stat. (1983).

. The indictment charging appellant with murder stated, in pertinent part:
That JOSH GREEN did, on the 7th day of May, 1981, in Osceola County, Florida, in violation of Florida Statute 782.04(1), from a premeditated design to effect the death of a human being kill and murder KRISTI MEDIA STARLING, in said county, by shooting her with a rifle.

. That rule provides:
Upon an indictment or information upon which the defendant is to be tried for any offense the jury may convict the defendant of:
(a) an attempt to commit such offense if such attempt is an offense and is supported by the evidence. The judge shall not instruct the jury if there is no evidence to support such attempt and the only evidence proves a completed offense.
(b) any offense which as a matter of law is a necessarily included offense or a lesser included offense of the offense charged in the indictment or information and is supported by the evidence. The judge shall not instruct on any lesser included offense as to which there is no evidence.
Fla.RXrim.P. 3.510.

. If the indictment or information charges an offense divided into degrees, the jury may find the defendant guilty of the offense charged or any lesser degree supported by the evidence. The judge shall not instruct on any degree as to which there is no evidence.
Fla.R.Crim.P. 3.490.