475 So.2d 235 (1985)
Josh GREEN, Petitioner,
v.
STATE of Florida, Respondent.
No. 65804.
Supreme Court of Florida.
August 30, 1985.
James B. Gibson, Public Defender and Larry B. Henderson, Asst. Public Defender, Daytona Beach, for petitioner.
Jim Smith, Atty. Gen. and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for respondent.
OVERTON, Justice.
This cause is before us on petition to review a decision of the Fifth District Court of Appeal reported as Green v. State, 453 So.2d 526 (Fla. 5th DCA 1984). The district court held that a requested third-degree felony murder jury instruction was properly denied during petitioner's trial for first-degree premeditated murder because third-degree felony murder is not a lesser included offense of first-degree premeditated murder. We find conflict with Williams v. State, 427 So.2d 775 (Fla. 2d DCA), review denied, 433 So.2d 519 (Fla. *236 1983),[*] and, although we approve the result reached by the district court in the instant case, we disapprove the reasoning expressed in the opinion of the Fifth District Court of Appeal.
The facts of this case are as follows. Petitioner was charged with first-degree premeditated murder in connection with a shooting death. At the charge conference petitioner requested a jury instruction on third-degree felony murder. The underlying felony asserted by petitioner was the crime of discharging a weapon into an occupied vehicle. The trial court refused the instruction upon a finding that third-degree felony murder is not a lesser included offense of premeditated first-degree murder and only gave instructions for first-degree murder, second-degree murder, and manslaughter. Petitioner was subsequently found guilty of second-degree murder.
On appeal, petitioner challenged the trial court's failure to give the requested instruction. The district court rejected petitioner's argument and, in reliance on the schedule of lesser included offenses published in the Florida Standard Jury Instructions in Criminal Cases (1981 ed.), found that the third-degree felony murder instruction was properly refused because it is not a lesser included offense of premeditated first-degree murder. Further, the court found that the underlying felony of firing at or into an occupied vehicle contained "different statutory elements than simple first-degree murder." 453 So.2d at 526. The district court determined that neither Florida Rule of Criminal Procedure 3.510 or 3.490 required the giving of the requested instruction and concluded that "[t]hird-degree felony murder is not a degree crime of simple premeditated murder." Id. at 528.
We disagree with that part of the district court's opinion which holds that third-degree felony murder is not a lesser included offense of first-degree premeditated murder. Although third-degree felony murder is not a necessarily included offense of first-degree murder, it is, under certain circumstances and evidence, a proper permissive lesser included offense of first-degree murder, requiring a jury instruction to that effect. We realize that the schedule of lesser included offenses in the standard jury instructions, as amended in 1981, includes a separate list of lesser included offenses for first-degree premeditated murder and first-degree felony murder and that third-degree felony murder is listed only as a lesser included offense of first-degree felony murder. This Court has, however, repeatedly explained that a felony murder conviction may be sustained under an indictment for first-degree premeditated murder. See Knight v. State, 338 So.2d 201 (Fla. 1976); Everett v. State, 97 So.2d 241 (Fla. 1957), cert. denied, 355 U.S. 941, 78 S.Ct. 432, 2 L.Ed.2d 422 (1958); Killen v. State, 92 So.2d 825 (Fla. 1957). Further, this Court, in its opinion adopting the amended jury instructions, expressly rejected the recommendation of the Supreme Court Committee on Jury Instructions in Criminal Cases that we recede from Knight and require specific allegations of felony murder in an indictment. In the Matter of Use by Trial Courts of Standard Jury Instructions in Criminal Cases, 431 So.2d 594, 597 (Fla. 1981). It necessarily follows that the lesser included offenses listed under first-degree felony murder may be relevant to a charge of first-degree premeditated murder if the evidence indicates that the homicide occurred during the commission of a felony. See Schedule of Lesser Included Offenses, Florida Standard Jury Instructions in Criminal Cases, comment 6 (1981 ed.). We find that, based on the evidence in this cause, the trial court was correct in refusing to give the instruction. The district court was, however, incorrect in basing its refusal upon a finding that third-degree felony murder is not a lesser included offense of first-degree premeditated murder.
We find that the refusal to give the requested instruction was not reversible error. Amended Florida Rule of Criminal *237 Procedure 3.490, which became effective October 1, 1981, requires the giving of instructions on lesser included offenses only where supported by the evidence. Prior to October 1, 1981, rule 3.490 provided that when the offense charged was divided into degrees the trial court had to give instructions as to all degrees of the offense charged, regardless of whether there was any evidence to support the lesser degrees. The court was obligated under this rule to instruct the jury on first- and second-degree murder, manslaughter, and third-degree murder. See Martin v. State, 342 So.2d 501 (Fla. 1977); Brown v. State, 124 So.2d 481 (Fla. 1960). Further, under former rule of criminal procedure 3.510, the court was required to instruct on all degrees and all necessarily included lesser offenses, regardless of the evidence.
Rule 3.490 now provides for the determination of the degree of offense for which a defendant may be convicted and reads as follows:
If the indictment or information charges an offense divided into degrees, the jury may find the defendant guilty of the offense charged or any lesser degree supported by the evidence. The judge shall not instruct on any degree as to which there is no evidence.

(Emphasis added.) Rule 3.510, as it is presently written, provides for the determination of lesser included offenses for which a defendant may be convicted and reads, in part, as follows:
Upon an indictment or information upon which the defendant is to be tried for any offense the jury may convict the defendant of:
.....
(b) any offense which as a matter of law is a necessarily included offense or a lesser included offense of the offense charged in the indictment or information and is supported by the evidence. The judge shall not instruct on any lesser included offense as to which there is no evidence.

(Emphasis added.)
Under these rules, as noted by the Second District Court of Appeal in Williams, a defendant charged with first-degree premeditated murder is entitled to an instruction on the lesser included offense of third-degree felony murder if there is evidence to support such a charge. See also Johnson v. State, 423 So.2d 614 (Fla. 1st DCA 1982). If there is no evidence to support a third-degree felony murder conviction, an instruction on the crime is not required. See Williams, 427 So.2d at 776.
In support of his claim that the third-degree felony murder instruction should have been given, petitioner asserted that evidence was presented to establish the underlying felony of discharging a firearm into an occupied vehicle. The district court in the instant case determined, however, that "the allegations in the indictment and proof at trial established that the victim was killed by Green with a bullet fired from his rifle as she was standing near a truck." 453 So.2d at 527 (emphasis added; footnote omitted). It is unrefuted that the victim was outside the truck when she was shot and that the truck was not occupied at the time of the shooting. Clearly, the evidence does not support the underlying felony urged by petitioner.
For the reasons expressed, we approve the result reached by the district court in the instant case, but disapprove the reasoning expressed in the court's opinion. Further, we approve the Second District Court of Appeal's decision in Williams.
It is so ordered.
BOYD, C.J., and ALDERMAN and McDONALD, JJ., concur.
SHAW, J., concurs in result only with an opinion.
ADKINS and EHRLICH, JJ., concur in result only.
SHAW, Justice, concurring in result only.
The majority reasons that third-degree felony murder is a lesser included offense of first-degree premeditated murder because *238 it is a lesser included offense of first-degree felony murder. I encounter two problems in that reasoning. First, premeditated murder and first-degree felony murder contain different statutory elements and are separate offenses under the Blockburger[1] test. Even if we assume arguendo that the schedule of lesser included offense is correct in listing third-degree felony murder as a lesser included offense of first-degree felony murder, it does not logically follow that third-degree felony murder is also a lesser included offense of premeditated murder. In fact, application of the Blockburger test shows that third-degree felony murder can never be a lesser included offense of premeditated murder. Premeditated murder requires premeditation; third-degree felony murder does not. Third-degree felony murder requires commission of the statutory elements of a predicate felony; premeditated murder does not. Each offense contains a statutory element not present in the other and, by definition, they are separate, not lesser included offenses. Thus, the trial court and district court were correct.
The second problem I have with the majority's analysis is its reliance on the schedule of lesser included offenses, particularly the so-called permissive lesser included offenses (category two) which may or may not be included depending on the accusatory pleading and the evidence at trial. The schedule of lesser included offenses inaccurately shows third-degree felony murder as a category two lesser included offense of first-degree felony murder. Section 775.021(4), Florida Statutes (1981), excluded lesser included offenses from its operation, leaving it to the courts to define lesser included offenses; we did so by promulgating the schedule of lesser included offenses in 1981. However, chapter 83-156, Laws of Florida[2] has since deleted the exclusion of lesser included offense from the operations of section 775.021(4), Florida Statutes (1983). The effect of this deletion is patent. The statute now defines in clear and unambiguous terms a separate offense: explicitly, if two offenses, committed in the course of one criminal transaction or episode, each contain a statutory element not present in the other, they are separate offenses. Implicitly, if each does not contain a unique element, then one is a lesser included offense of the other. The effect of this deletion is to withdraw from the courts the authority to define lesser included offenses in a manner contrary to the statutory provisions of section 775.021(4). This has the practical impact of nullifying all the category two (permissive) lesser included offenses of the schedule. Under section 775.021(4) offenses are either separate or lesser included, based on the statutory elements. There can be no so-called permissive lesser included offenses based on the accusatory pleadings or proof adduced at trial.[3]
*239 Turning to the case at hand, first-degree felony murder is defined as:
(1)(a) The unlawful killing of a human being: ....
2. When committed by a person engaged in the perpetration of, or in the attempt to perpetrate, any:
a. Trafficking offense prohibited by s. 893.135(1),
b. Arson,
c. Sexual battery,
d. Robbery,
e. Burglary,
f. Kidnapping,
g. Escape,
h. Aircraft piracy, or
i. Unlawful throwing, placing, or discharging of a destructive device or bomb; or
3. Which resulted from the unlawful distribution of opium or any synthetic or natural salt, compound, derivative, or preparation of opium by a person 18 years of age or older, when such drug is proven to be the proximate cause of the death of the user... .
Section 782.04(1)(a), Florida Statutes (1983).
Third-degree felony murder is defined as:
(4) The unlawful killing of a human being, when perpetrated without any design to effect death, by a person engaged in the perpetration of, or in the attempt to perpetrate, any felony other than any: [of the first-degree murder felonies.]
Section 782.04(4), Florida Statutes (1983).
I would approve the district court below on the ground that third-degree felony murder based on the underlying felony of shooting at, within, or into an occupied vehicle (section 790.19, Florida Statutes (1983)) is not a lesser included offense of either premeditated or first-degree felony murder. First, there was no evidence introduced to support a theory of first-degree felony murder. None of the ten enumerated felonies of first-degree murder are arguably present. Second, if the statutory elements of section 790.19 and the ten enumerated felonies under first-degree felony murder are tested in accordance with section 775.021(4), Florida Statutes (1983), Blockburger test, then section 790.19 is a separate offense from all of the ten enumerated felonies and cannot be a lesser included offense of first-degree murder. The district court was correct in limiting its consideration to premeditated murder.
In my opinion, the schedule of lesser included offenses has been outdated or overruled by section 775.021(4) and the cumulative effect of various holdings by the United States Supreme Court which recognize the very nearly unlimited authority of the legislative branch to define offenses without violating the double jeopardy clause of the fifth amendment to the United States Constitution. See Ball v. United States, ___ U.S. ___, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985); Missouri v. Hunter, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983); Albernaz v. United States, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981); Whalen v. United States, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980). Until such time as we are able to revise the schedule of lesser included offenses to bring it into consonance with section 775.021(4), we should direct the trial courts to delete category two lesser included offenses from the schedule of lesser included offenses and to look to the statutory elements to determine if offenses are lesser included or separate.
NOTES
[*] We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
[1] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The legislature has adopted this test in section 775.021(4), Florida Statutes (1983).
[2] In pertinent part, chapter 83-156 reads as follows (overstrike indicates deletions, underline, new provisions):

775.021 Rules of construction. 
(4) Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more separate criminal offenses statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses, committed during said criminal episode, and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
[3] The accusatory pleadings and evidence at trial do have a role, but it is not to determine whether offenses are separate or lesser included. The evidence narrows the accusatory pleadings. In the case of first-degree felony murder, this eliminates the various enumerated predicate felonies for which there is no evidence. The jury is then instructed on the pertinent enumerated predicate felony(s) and, applying Blockburger, on any non-enumerated felonies which are lesser included offenses of the pertinent enumerated predicate felonies. These lesser included felonies, if any, would serve as predicates for third-degree felony murder. Neither the defendant nor the state is entitled to an instruction on a lesser offense unless the Blockburger test shows it is a lesser included offense.