517 So.2d 65 (1987)
Anthony BARRITT, Appellant,
v.
STATE of Florida, Appellee.
No. BQ-44.
District Court of Appeal of Florida, First District.
December 15, 1987.
*66 Michael E. Allen, Public Defender and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Royall P. Terry, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Anthony Barritt appeals the order of final judgment and sentence in which he was adjudged guilty of vehicular homicide and leaving the scene of an accident involving death. He argues that the trial court erred in denying his requested jury instruction on reckless driving as a necessarily lesser included offense of vehicular homicide. We agree and reverse.
On May 30, 1986, appellant was driving west bound toward Gainesville in his Ford Ranger truck. He tried to pass a Pontiac on a hill when a semi-trailer log truck approached him from the opposite direction. Appellant tried to get back into his lane but as he did, his truck hit the Pontiac in the rear, causing that car to go into the path of the oncoming truck. The Pontiac was hit broadside. At trial, a driver following appellant testified that he saw appellant veer into a ditch and then emerge again, stop briefly and drive off. There were other witnesses to the accident.
The occupant of the Pontiac, Debra Ann Lanier died in the accident. Both parties stipulated to that fact. There was testimony that appellant was driving 50 to 60 m.p.h. in a 45 m.p.h. speed zone road at the time of the accident. There was also testimony that the accident occurred as the result of an automobile chasing appellant's following very closely behind appellant's bumper. Appellant was charged with leaving the scene of an accident involving personal injury and vehicular homicide. During a charge conference, appellant requested that reckless driving be given as a lesser offense to vehicular homicide. The trial court denied the request. Appellant was found guilty as charged on both counts. Appellant was sentenced to 5 years in state prison on each count to run concurrently. As a result of this incident, he was also found to be in violation of a previously imposed probation and sentenced to 7 years on the felony underlying that probation to run consecutive to the vehicular homicide sentence.
A review of the May 1987 "Schedule of Lesser Included Offenses" of the Florida Standard Jury Instructions in Criminal Cases reveals that vehicular homicide is not listed. Vehicular homicide only appears on the schedule as a category two lesser offense for the charged offenses of first, second and third degree murder, as well as DUI manslaughter. However, just because a charged offense is not in the schedule does not mean that it does not have a lesser included offense. See In the Matter of the Use by the Trial Courts of the Standard Jury Instructions in Criminal Cases, 431 So.2d 594, 598 (Fla. 1981).
It is legally impossible to prove vehicular homicide without proving reckless driving, the difference between the two crimes being the resulting death. Therefore, *67 we find reckless driving to be a necessarily included lesser offense of vehicular homicide. Further, as appellant contends, in the pre-schedule cases the supreme court stated that reckless driving was a lesser included offense of vehicular homicide. See Chikitus v. Shands, 373 So.2d 904 (Fla. 1979). See also Rushton v. State, 395 So.2d 610 (Fla. 5th DCA 1981). In Rushton the fifth DCA states, "[w]e are not now trying to determine if reckless driving is a lesser included offense of vehicular homicide, because we know that it is". 395 So.2d at 612 (citing to Chitikus), (emphasis supplied). It was, therefore, error not to give the instruction for reckless driving since the omission denied the jury an opportunity to find the appellant guilty of a lesser charge. See State v. Wimberly, 498 So.2d 929 (Fla. 1986); State v. Baker, 456 So.2d 419 (Fla. 1984); State v. Bruns, 429 So.2d 307 (Fla. 1983).
Although appellee's argument may be rational that, if forced to give a reckless driving instruction, the court logically would have to give instructions on every related lesser driving offense, we view State v. Wimberly controlling on that point. Wimberly was charged with, inter alia, battery on a law enforcement officer. This court held that the trial court erred by not giving an instruction on simple battery, reversed Wimberly's conviction for battery on a law enforcement officer and remanded for a new trial on that offense. The Florida Supreme Court approved that result and answered in the affirmative the following question certified by this court:
If the evidence at trial is sufficient to convict of a necessarily lesser included offense, and the same evidence also incontrovertibly shows that the necessarily lesser included offense could not have been committed without also committing the greater charged offense, does rule 3.510(b), Florida Rules Criminal Procedure, require the trial judge to instruct the jury of the necessarily lesser included offense?
498 So.2d at 930 (emphasis supplied).
Reckless driving is one step down from vehicular homicide. First is manslaughter, then vehicular homicide and next, reckless driving. See McCreary v. State, 371 So.2d 1024, 1027 (Fla. 1979). Vehicular homicide is a felony of the third degree punishable by 5 years in prison, and reckless driving is a misdemeanor punishable by 90 days to 6 months in prison. See §§ 782.071 and 316.192 Florida Statutes.[1] The Florida Supreme Court has described vehicular homicide as "third degree felony reckless driving which results in the killing of a human being where the degree of negligence falls short of culpable negligence but where the degree of negligence is more than the mere failure to use ordinary care". Id. at 1026 (emphasis supplied).
We also note the state's argument supported by Martin v. State, 342 So.2d 501, 502 (Fla. 1977), that where a homicide has taken place "proper jury instructions are limited to those charges involving lawful and unlawful homicide". See also Barton v. State, 507 So.2d 638, 641 (Fla. 5th DCA 1987). However, we note, as did this court in Bean v. State, 469 So.2d 768, 771 (Fla. 1st DCA 1985), that in Martin where the requested instruction was for aggravated assault in a murder trial, the lesser included *68 offense other than homicide that was rejected was not a necessarily lesser included offense.
In Williams v. State, 427 So.2d 775 (Fla. 2d DCA 1983), pet. for rev. denied, 433 So.2d 519 (Fla. 1983) the district court affirmed the trial court's refusal to give the requested jury instruction on third degree murder because there was no evidence to support a charge of third degree murder. Williams as well as the amended Rule 3.490 Florida Rules of Criminal Procedure, which it references for support, were promulgated after Martin, which is expressly noted by the district court. The district court cited Rule 3.490 for the proposition that the judge shall not instruct on any degree of offense as to which there is no evidence. 427 So.2d at 776. In the instant case the court expressly found that appellant was driving in a reckless manner, because he must have seen the log truck coming but tried to pass around the Pontiac anyway. On this basis it denied appellant's motion for acquittal. Therefore there was evidence to support a jury instruction on reckless driving.
Although we are persuaded that the trial court erred by failing to give the reckless driving instruction, because the Florida Supreme Court has previously clearly stated that reckless driving is a lesser included offense of vehicular manslaughter, but then opined that in homicide cases only instructions on lawful and unlawful homicide should be given, we certify for clarification the following question, as a question of great public importance, to the Florida Supreme Court:
Is reckless driving a necessarily lesser included offense of vehicular homicide such that, where a court refuses to give the requested instruction on reckless driving during a trial on vehicular homicide, it commits reversible error?
Reversed and remanded for new trial.
SMITH, C.J., and WENTWORTH, J., concur.
NOTES
[1] Section 782.071 Florida Statutes (1985) provides:

782.071 Vehicular homicide.  "Vehicular homicide" is the killing of a human being by the operation of a motor vehicle by another in a reckless manner likely to cause the death of, or great bodily harm to, another. Vehicular homicide is a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Section 316.192 Florida Statutes (1985) provides in pertinent part:
316.192 Reckless driving. 
(1) Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving.
(2) Any person convicted of reckless driving shall be punished:
(a) Upon a first conviction, by imprisonment for a period of not more than 90 days or by fine of not less than $25 nor more than $500, or by both such fine and imprisonment.
(b) On a second or subsequent conviction, by imprisonment for not more than 6 months or by a fine of not less than $50 nor more than $1,000, or by both such fine and imprisonment.