228 N.J. Super. 492 (1988)
550 A.2d 487
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
STEPHEN J. MUNIZ, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 26, 1988.
Decided June 20, 1988.
Supplemental Opinion on Motion for Reconsideration June 30, 1988.
Decided September 13, 1988.
*494 Before Judges PRESSLER, MUIR, Jr. and SKILLMAN.
Kenneth G. Goodman, Assistant Deputy Public Defender, argued the cause for appellant (Alfred A. Slocum, Public Defender, attorney; Kenneth G. Goodman, of counsel and on the brief).
Mark P. Stalford, Assistant Prosecutor, argued the cause for respondent (John A. Kaye, Monmouth County Prosecutor, attorney; Mark P. Stalford, of counsel and on the brief, and on the motion for reconsideration, W. Cary Edwards, Attorney General, substituted as attorney for respondent (Larry R. Etzweiler, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by SKILLMAN, J.A.D.
*495 The primary issue on this appeal is whether the motor vehicle offenses of reckless driving, N.J.S.A. 39:4-96, and careless driving, N.J.S.A. 39:4-97, must be submitted to the jury as lesser included offenses in a trial for death by auto under N.J.S.A. 2C:11-5a. We conclude that these motor vehicle offenses are lesser included offenses of death by auto and therefore reverse defendant's conviction for death by auto based on the trial court's failure to so instruct the jury.
Defendant's conviction arose out of an accident at an intersection located in Middletown Township. Decedent had stopped his passenger car for a red light. When the light turned green, decedent drove his car into the intersection and was struck by a pick-up truck operated by defendant.
Defendant was charged in a one count indictment with death by auto. The prosecution contended that defendant had operated the pick-up truck recklessly by attempting to run a red light. The prosecution also contended that defendant had acted recklessly in driving the truck when he knew that the brakes were not operating properly.
The trial court did not submit any lesser included offenses to the jury. Thus, the jury was given the option of convicting defendant of death by auto or of acquitting him. The jury returned a verdict of guilty of death by auto, and the court sentenced defendant to an indeterminate term at the Youth Correctional Institution Complex.
On appeal defendant argues:
POINT I: THE TRIAL COURT'S FAILURE TO CHARGE THE LESSER INCLUDED OFFENSES OF RECKLESS DRIVING AND CARELESS DRIVING CONSTITUTES REVERSIBLE ERROR. (N.J. CONST. (1947) ART. I, PAR. 10; U.S. CONST. AMEND. VI, XIV). (Not Raised Below).
POINT II: THE PROSECUTOR'S MISCONDUCT WHICH CULMINATED IN HIS REMARK TO THE JURY THAT THE VICTIM'S FAMILY WOULD ONLY GET PENNIES FROM THE CIVIL SUIT DENIED DEFENDANT A FAIR TRIAL. (N.J. CONST. (1947) ART. I, PAR. 10; U.S. CONST. AMEND. VI, XIV).

*496 POINT III: DEFENDANT SHOULD BE RESENTENCED TO A PROBATIONARY TERM.

I
Our courts have recognized that the submission of lesser included offenses to the jury affords a defendant the opportunity to argue that he is guilty of a less serious offense than charged by the State. In State v. Saulnier, 63 N.J. 199 (1973) the Supreme Court stated:
The common law doctrine that a defendant may be found guilty of a lesser offense necessarily included in the greater offense charged in the indictment is well recognized in our State. It was originally designed to aid the prosecution so that it would not fail entirely where some element of the greater offense was not established. But it also redounded to the benefit of the defense since it enabled a finding of lesser consequence and precluded a later independent prosecution of the lesser offense as double jeopardy. [63 N.J. at 205 (emphasis added) (citations omitted)].
Similarly, this court observed in State v. Lopez, 160 N.J. Super. 30, 36 (App.Div. 1978) that a defendant is entitled to a charge of a lesser included offense in order to avoid "the coercive prejudice inherent in giving the jury the choice of all-or-nothing." See also Blair, "Constitutional Limitations on the Lesser Included Offenses Doctrine," 21 Am.Crim.L.Rev. 445, 462-475 (1984).
An offense will be considered a lesser included offense in several circumstances. One is where the proof required to establish a greater offense is also sufficient to establish every element of a lesser offense. State v. Zelichowski, 52 N.J. 377, 384 (1968); State v. Midgeley, 15 N.J. 574, 580-581 (1954); see also N.J.S.A. 2C:1-8d(1). Another is where two offenses are the same but a lesser degree of culpability is required to establish the lesser offense. See State v. Sloane, 217 N.J. Super. 417 (App.Div. 1987), certif. granted 108 N.J. 669 (1987); State v. Connell, 208 N.J. Super. 688, 694-695 (App.Div. 1986); see also N.J.S.A. 2C:1-8d(3).
We conclude that reckless driving is a lesser included offense of death by auto. Death by auto is proscribed by N.J.S.A. 2C:11-5a, which provides that:

*497 Criminal homicide constitutes death by auto when it is caused by driving a vehicle recklessly.
N.J.S.A. 2C:2-2b(3) provides that a person acts "recklessly" when he
consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and purpose of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.
Reckless driving is proscribed by N.J.S.A. 39:4-96, which provides in pertinent part that:
A person who drives a vehicle on a highway heedlessly, in willful or wanton disregard of the rights or safety of others, in a manner so as to endanger, or be likely to endanger, a person or property, shall be guilty of reckless driving ...
Although the wording differs slightly, the definitions of "reckless" contained in N.J.S.A. 2C:2-2b(3) and N.J.S.A. 39:4-96 are substantially the same. The only real difference between the two offenses is that a defendant's reckless driving must be shown to have caused the death of another to sustain a conviction for death by auto. Therefore, the proof required to establish death by auto is also sufficient to establish every element of reckless driving, which makes the latter offense a lesser included offense of the former. State v. Zelichowski, supra; State v. Midgeley, supra; see also Barritt v. State, 517 So.2d 65 (Fla.App. 1987).
The conclusion that reckless driving is a lesser included offense of death by auto is supported by State v. Dively, 92 N.J. 573 (1982), which was decided under the law which predated enactment of the Code of Criminal Justice. The Court in Dively held that the disposition of motor vehicle charges, including reckless driving, in municipal court barred a subsequent prosecution in Superior Court for death by auto. The Court's holding rested on its view that reckless driving is a lesser included offense of death by auto:

N.J.S.A. 39:4-96 provides that a person who drives a vehicle on a highway heedlessly, in wilful or wanton disregard of the safety of others so as to endanger a person shall be guilty of reckless driving. N.J.S.A. 2A:113-9 [the *498 pre-Code death by auto statute] states that any person who causes the death of another by driving a vehicle carelessly and heedlessly, in wilful or wanton disregard of the safety of others is guilty of a misdemeanor. The latter statute requires that death ensue, a requisite that is lacking in order to convict for reckless driving. Thus the lesser-included offense requires no proof beyond that which is required for conviction of the greater  death by auto.... Every death by auto under N.J.S.A. 2A:113-9 necessarily includes a finding of reckless driving, and any prosecutor who has established reckless driving need prove only the resulting death in order to establish death by auto. [92 N.J. at 582-583].
Although the Court in Dively concluded that reckless driving is a lesser included offense of death by auto within the context of a double jeopardy claim, there is no basis for reaching a different conclusion in connection with a defendant's entitlement to a lesser included offense charge. See State v. Saulnier, supra.
We also conclude that careless driving is a lesser included offense of reckless driving. Careless driving is proscribed by N.J.S.A. 39:4-97, which provides that:
A person who drives a vehicle on a highway carelessly, or without due caution and circumspection, in a manner so as to endanger, or be likely to endanger, a person or property, shall be guilty of careless driving.
In our view, driving a vehicle carelessly, that is, "without due caution and circumspection," differs from driving recklessly, that is, "heedlessly, in wilful disregard of the rights or safety of others," only in that it involves a lesser degree of culpability. Consequently, careless driving is a lesser included offense of reckless driving, State v. Sloane, supra; State v. Connell, supra, and both of these motor vehicle offenses are lesser included offenses of death by auto. See United States v. Pino, 606 F.2d 908, 914-917 (10th Cir.1979).
The State argues that reckless driving and careless driving are not lesser included offenses of death by auto because N.J.S.A. 2C:1-8d, which prescribes which offenses are lesser included offenses under the Code of Criminal Justice, does not apply to motor vehicle offenses. We agree that N.J.S.A. 2C:1-8d is not controlling, because the Code does not apply to Title 39 motor vehicle offenses. N.J.S.A. 2C:1-14k; *499 see State v. Newman, 223 N.J. Super. 284, 288, n. 2 (App.Div. 1988). However, N.J.S.A. 2C:1-8d is not the exclusive source of authority for submitting a lesser included offense to a jury. The lesser included offense doctrine is not legislative in origin but rather was well recognized at common law. State v. Saulnier, supra, 63 N.J. at 205. N.J.S.A. 2C:1-8d was intended to codify, and in certain respects to expand, this common law doctrine as applied to offenses covered by the Code. See 1971 New Jersey Penal Code Commentary, Vol. II at 24-26. But the Code does not preclude treating offenses which fall outside the Code as lesser included offenses under the common law doctrine. Moreover, the Supreme Court has indicated in both State v. Dively, supra, and State v. DeLuca, 108 N.J. 98, 108-111 (1987), cert. den. ___ U.S. ___, 108 S.Ct. 331, 98 L.Ed.2d 358 (1987) that fairness to the State and to those accused of death by auto as well as the efficient administration of justice require the coordinated processing of Code offenses and Title 39 motor vehicle offenses, even though the Code does not mandate joinder. Since there is no legislative prohibition against treating Title 39 offenses as lesser included offenses of death by auto, we conclude that such treatment is appropriate under the common law lesser included offenses doctrine.
We also conclude that the trial court's failure to submit the lesser included motor vehicle offenses to the jury requires reversal despite defense counsel's failure to object. Even if not requested, a trial court is obligated to charge a jury with respect to a lesser included offense if the appropriateness of that charge is "clearly indicated" by the evidence. State v. Grunow, 102 N.J., 133, 148 (1986); State v. Choice, 98 N.J. 295 (1985). The submission to the jury of the lesser included motor vehicle offenses was clearly indicated in this case. Indeed, the trial court seemed to recognize that the jury could properly find that the degree of defendant's culpability was only careless driving since it instructed the jury with respect to the elements of that offense. Nevertheless, the trial court failed to instruct the jury that it could find defendant guilty of only careless *500 driving. Moreover, the jury was told that defendant had been charged in municipal court with reckless driving, but it was not given the opportunity to consider reckless driving as a lesser included offense of death by auto. This deprived defendant of the opportunity to have the jury consider whether he should be convicted of the lesser offenses of reckless or careless driving rather than death by auto.

II
We also find it necessary to comment upon following part of the prosecutor's summation:
I'm not asking you for sympathy for the Farrington family.
Look at this case clearly and fairly.
You didn't hear the story of his life and all the loss and whatever.
That is not here in this case.
That is not what we are here about.
We are here to decide what should be done about Mr. Muniz and the way he drove that vehicle, that truck, on November 7th of 1985.
Sure, the truck is registered to his brother-in-law's auto body place.
Maybe there is a civil suit filed.
What do you think they are going to get, a million dollars out of some auto body place in Long Branch?

Pennies  do you think it's worth anything or that's what the family wants? [Emphasis added].
The thrust of this comment was that decedent's family should be vindicated through a guilty verdict in the criminal trial because they would not receive a substantial recovery in their civil suit. Thus, the comment represented a manifestly inappropriate appeal to the jury to convict defendant out of sympathy for decedent's family. We admonish the prosecutor not to make any similar appeal to the jury at defendant's retrial.
Since the case must be retried and the outcome cannot be anticipated, we find it unnecessary to pass upon defendant's argument that he should have received a probationary rather than a custodial sentence.
Reversed and remanded for a new trial.

*501 ON RECONSIDERATION
Subsequent to the filing of our opinion in this appeal, the Attorney General superseded the Monmouth County Prosecutor in representing the State and filed a motion for reconsideration. We grant the motion, supplement our prior opinion, and reaffirm the reversal of defendant's conviction. See R. 2:11-6(c).
The Attorney General argues that our conclusion that reckless and careless driving are lesser included offenses in the trial of a charge of death by auto is inconsistent with the Supreme Court's opinion in State v. DeLuca, 108 N.J. 98 (1987), cert. den. ___ U.S. ___, 108 S.Ct. 331, 98 L.Ed.2d 358 (1987). DeLuca involved the double jeopardy consequences of a prosecutor's failure to join charges of death by auto and related motor vehicle offenses in a single prosecution. The motor vehicle offense charged in DeLuca was driving while under the influence of alcohol. The Court recognized that death by auto and driving while under the influence are not the "same offense" under the traditional double jeopardy test, because a prosecution for death by auto requires proof of death, a fact not required for proof of driving while under the influence, and a prosecution for driving while under the influence requires proof of intoxication, a fact not required for proof of death by auto. 108 N.J. at 108. Nevertheless, the Court held that successive prosecutions for these two offenses based on the same evidence would be barred by the double jeopardy clauses of the federal and state constitutions. 108 N.J. at 108-110. The Court also directed that in future cases where a defendant is charged on the basis of a single incident with death by auto and driving while under influence, both charges should be joined in the same trial. In that situation, the Court indicated that a defendant would be entitled to a trial by jury on the charge of death by auto but that the trial judge should decide the charge of driving while under the influence. However, DeLuca did not involve any issue as to the applicability of the lesser included offenses doctrine.
*502 The circumstances in which less serious charges must be joined with more serious charges in a single prosecution in order to avoid the bar of double jeopardy or to comply with the requirements of compulsory joinder are broader than the circumstances in which a lesser offense not charged in an indictment must be submitted to a jury. The reason for this difference is that these doctrines serve related but distinct policies. Cf. State v. Sloane, 111 N.J. 293, 299 (1988) ("The lesser included offense doctrine is in some respects an aspect of the `same offense' doctrine that we use for purpose of double jeopardy analysis"). The bar of double jeopardy is designed to prevent the State, with all its resources and power, from making "repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity." State v. DeLuca, supra, 108 N.J. at 102, quoting Green v. United States, 355 U.S. 184, 187-188, 78 S.Ct. 221, 223-24, 2 L.Ed.2d 199 (1957). Similarly, the requirement of compulsory joinder is designed to satisfy the "considerations of fairness" and an accused's "reasonable expectations" that he will not be subject to multiple prosecutions for a single criminal transaction or episode. State v. Gregory, 66 N.J. 510, 518 (1975). On the other hand, the requirement that a lesser included offense be submitted to the jury is designed to avoid "the coercive prejudice inherent in giving the jury the choice of [an] all-or-nothing" verdict. State v. Lopez, 160 N.J. Super. 30, 36-37 (App.Div. 1978); see also State v. Sloane, supra, 111 N.J. at 299; State v. Christener, 71 N.J. 55, 69-73 (1976); State v. Sinclair, 49 N.J. 525, 542-543 (1967). Thus, the bar of double jeopardy and the related requirement of compulsory joinder are designed to prevent unfair and wasteful multiple prosecutions, whereas the lesser included offenses doctrine is primarily designed to assure the fairness of the fact finding process at trial.
The difference in the scope of compulsory joinder and the lesser included offenses doctrine is reflected in the Code of *503 Criminal Justice. N.J.S.A. 2C:1-8d codifies the common law doctrine of lesser included offenses as applied to Code offenses as follows:
A defendant may be convicted of an offense included in an offense charged whether or not the included offense is an indictable offense. An offense is so included when:
(1) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or
(2) It consists of an attempt or conspiracy to commit the offense charged or to commit an offense otherwise included therein; or
(3) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interest or a lesser kind of culpability suffices to establish its commission.
On the other hand, N.J.S.A. 2C:1-8b mandates joinder of related charges in a much broader range of circumstances,[1] as follows:
Except as provided in subsection c. of this section, a defendant shall not be subject to separate trials for multiple criminal offenses based on the same conduct or arising from the same episode, if such offenses are known to the appropriate prosecuting officer at the time of the commencement of the first trial and are within the jurisdiction and venue of a single court.
Thus, under the Code, separate offenses committed during a single episode ordinarily must be tried in a single prosecution. For example, if a defendant robbed a store owner, took a customer hostage as he left the store, and then fled when the police attempted to capture him, charges of robbery, kidnapping and resisting arrest would be required to be joined in a single prosecution. However, none of these offenses would be lesser included offenses of any of the others.
DeLuca extends the expansive compulsory joinder requirements of N.J.S.A. 2C:1-8b, which govern Code offenses, to a Title 39 charge of driving while under the influence that is based on the same conduct as a charge of death by auto. In addition, DeLuca bifurcates the fact finding responsibility in *504 such cases, recognizing the accused's right to a trial by jury on the death by auto charge, but placing responsiblity upon the trial judge to decide a related charge of driving while under the influence. DeLuca also holds that "[i]f in the death-by-auto case the sole evidence of recklessness is defendant's intoxication, the jury's determination of that issue will preclude a conviction for the DWI charge." 108 N.J. at 111. However, the Court in DeLuca did not hold that driving while under the influence of alcohol is a lesser included offense of death by auto. And most significantly, the Court did not say that an accused should be denied an opportunity to have the jury consider his guilt of a lesser included offense simply because it is a motor vehicle offense ordinarily tried in municipal court. Indeed, the Court suggested the contrary when it noted that "[t]he Superior Court may assert jurisdiction over non-indictable offenses when they are lesser included offenses of the indictables," and cited State v. Saulnier, 63 N.J. 199 (1973) for this proposition. 108 N.J. at 111. Saulnier indicated that even though the municipal courts then had sole statutory jurisdiction over disorderly persons offenses, a Superior Court judge may nevertheless be required to treat such offenses as lesser included offenses of an indictable offense. This conclusion was based in part on Article VI, § 3, paragraph 2 of the New Jersey Constitution, which provides that "[t]he Superior Court shall have original general jurisdiction throughout the State in all causes." 63 N.J. at 207. Where the trier of fact is a jury, this requires submission of the lesser included offense to the jury. State v. Lopez, supra.
As indicated in our original opinion in this case, the reasoning of Saulnier applies with equal persuasiveness in the present context. DeLuca does not deal with the lesser included offense doctrine and thus in no way undermines the precedential effect of Saulnier. In fact, the recent decisions of our Supreme Court involving the lesser included offenses doctrine have applied that doctrine even more expansively than Saulnier. See, e.g., State v. Sloane, supra; State v. Bowens, 108 N.J. 622, 640 *505 (1987).[2] In addition, we note that denying a defendant an opportunity to have the jury consider his guilt of a lesser included offense would raise substantial constitutional questions. See Beck v. Alabama, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980); Keeble v. United States, 412 U.S. 205, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973).
The Attorney General also argues that the part of the 1988 Report of the Supreme Court Committee on Criminal Practice which recommends adoption of new rule R. 3:15-3 regarding compulsory joinder of indictable and non-indictable offenses supports his argument that lesser included motor vehicle violations should not be submitted to the jury in a trial of death by auto charges. 122 N.J.L.J., Index pages 116-117. The purpose of this recently proposed change is to conform the rules of court with the Court's opinion in DeLuca. 122 N.J.L.J., Index page 116. Thus, the report, like the opinion in DeLuca, deals exclusively with compulsory joinder of related offenses. Indeed, the only mention of the lesser included offenses doctrine in the report is a statement that "[w]e do not take a position, however, as to whether an indictment permits charging a lesser included non-indictable offense." 122 N.J.L.J., Index page 116. Therefore, the Committee did not specifically address the issue raised by this appeal.[3]
*506 In sum, the Attorney General's motion for reconsideration fails to distinguish between, on the one hand, the bar of double jeopardy and the related requirement of compulsory joinder and, on the other hand, the requirement of submission of lesser included offenses to the jury to avoid coercing the jury to return an all-or-nothing verdict. DeLuca is the controlling authority with respect to the double jeopardy and compulsory joinder issues discussed in that opinion; Saulnier continues to be the controlling authority with respect to the lesser included offenses issue presented by this appeal. Accordingly, we affirm our original opinion reversing defendant's conviction.
NOTES
[1] We also note that N.J.S.A. 2C:1-8b requires joinder of episodically related offenses in a broader range of circumstances than required under the double jeopardy clauses of the federal and state constitutions. See State v. LeFurge, 101 N.J. 404, 417-418 (1986); see also State v. Gregory, supra.
[2] We also note that the Legislature has expanded the application of the lesser included offenses doctrine since Saulnier by the inclusion of N.J.S.A. 2C:1-8d in the Code of Criminal Justice. Moreover, it has recently amended N.J.S.A. 2C:11-5 to provide that death by auto shall be considered a lesser included offense in a manslaughter trial involving operation of a motor vehicle. L. 1988, c. 75, § 1(d).
[3] Although the lesser included offenses doctrine is not specifically addressed in the Committee's report, its proposed R. 3:15-3(a)(2) assumes that N.J.S.A. 2C:1-8(e) is the exclusive source of authority for submission of a lesser included offense to the jury. To this extent, the Committee's proposed rule conflicts with our opinion in this case. Therefore, we recommend that an appropriate change be made in the proposed rule.