STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. DAVID GARRISON AND JOAN GARRISON, DEFENDANTS–APPELLANTS.

Superior Court of New Jersey
Appellate Division

Submitted January 10, 1989—Decided February 21, 1989.

610

Before Judges PRESSLER, SCALERA and STERN.

*Clifford L. Van Syoc,* attorney for appellants.

*Samuel Asbell,* Camden County Prosecutor, attorney for respondent (*Frederick H. Martin,* Assistant Prosecutor, of counsel and on the letter brief).

PER CURIAM.

Defendants appeal from their convictions on trial *de novo* in the Law Division.[1] We reverse and vacate the convictions of both defendants.

Briefly stated, defendants were arrested for chronologically related offenses on September 15, 1985. Joan Garrison (Joan) was charged with drunk driving, *N.J.S.A.* 39:4–50 (DWI) and consumption of alcohol by the operator of a motor vehicle, *N.J.S.A.* 39:4–51a. As a result of events related to the stop of the vehicle and detention of Joan, David Garrison (David) was charged with resisting arrest, *N.J.S.A.* 2C:29–2, simple assault upon a police officer, *N.J.S.A.* 2C:12–1a(1)[2] and an ordinance

---

[1] We bypass any question concerning whether one or two separate notices of appeal should have been generated.

[2] Defendant was not charged with aggravated assault even though the victim was a police officer. *See N.J.S.A.* 2C:12–1b(5).

violation. The resisting arrest complaint against David charged him with

> ... knowingly and purposely prevent[ing] a law enforcement officer from effecting a lawful arrest specifically by refusing to exit a vehicle after being placed under arrest and kicking at officers attempting to remove him, in violation of *N.J.S.* 2C:29-2.

Ultimately, defendants were tried jointly in the Winslow Township Municipal Court. After a lengthy trial, the municipal court judge rendered a detailed opinion in which he concluded that there was inadequate proof of actual consumption of an alcoholic beverage in the motor vehicle and therefore acquitted Joan of that charge. However, he found the officer who stopped her, Officer Linardo, to be credible, and found Joan guilty of D.W.I.

With respect to David, the judge dismissed the ordinance violation because it had not been properly filed, "... namely that it was not sworn to before a neutral person." The judge found that David provoked a second police officer, Officer Stowell, who did not testify but who had attended David at the scene of the stop while Officer Linardo was involved with Joan, and that David became disruptive by refusing to exit the motor vehicle. A confrontation developed between David and Stowell, requiring Linardo's attention, according to the judge

> [a]ll because of the behavior of Mr. Garrison who in my view provoked all this by refusing to get out of the car by his own admission ... In my opinion, the elements of this Statute have been proven. Purposely he was preventing these officers from making their lawful arrest, kicking, spitting and struggling with them. He had no right to do so.

In the absence of testimony from Officer Stowell, the judge found a reasonable doubt and acquitted David of the assault charge, but convicted him of "attempting to prevent these officers from doing their job." [3]

---

[3]According to Officer Linardo he had to assist Stowell because David "was refusing to exit the vehicle so we attempted to pull him out of the vehicle and he continued to resist by kicking and swinging and spitting." David continued "similar behavior" after he was removed from the vehicle and "rolled down" a berm after exiting the car.

After non-custodial sentences were imposed on the convictions, defendants appealed to the Law Division. Following a thorough evaluation of the record, the Law Division judge concluded that there was insufficient proof to convict Joan for drunk driving, stating that

> I do find her not guilty of that offense but *will find her guilty of an included offense of violating 39:4-66.1* which provides as follows: "The driver of a vehicle about to enter or cross a highway from a private road or driveway shall yield the right of way to all vehicles approaching on said highway." I think there's no question in my mind beyond any doubt at all that she violated that statute by failing to give the right of way to Officer Linardo because I think she never saw him in the first place. Accordingly, I will find her guilty of that offense and fine her $10 and $10 costs. (emphasis added).

Turning his attention to David, the trial court concluded that

> [t]he testimony also was that after Mr. Garrison was removed from the vehicle and was handcuffed, he broke away and rolled down the berm and the officer had to go down and get him, retrieve him. Apparently the State proceeded on a theory that the defendant was resisting his own arrest but the municipal court judge amended to allege that Mr. Garrison was interfering with the arrest of Mrs. Garrison.

> Frankly, I have a reasonable doubt on that theory. The reason I have a reasonable doubt is I don't really believe Mr. Garrison's purpose was to interfere with the arrest of Mrs. Garrison. I think his purpose at that point was to interfere with whatever it was Stowell and Linardo were doing with him but I don't think it was his purpose to in any way resist or interfere with the arrest being effected upon Mrs. Garrison for drunken driving.

> As I said, I really believe that the facts more closely fit a violation of bureau ordinance or township ordinance.... But I also feel that they violate 2C:29-1 and under the Rule 3:28-8c [sic], "The taking of an appeal constitutes a consent that the Court may during or before the hearing of the appeal amend the complaint by making the charge more specific, definite, or certain, or in any other manner, including the substitution of any charge growing out of the act or acts complained of or the surrounding circumstances of which the Court from whose judgment or sentence the appeal was taken had jurisdiction."

> .     .     .     .     .     .     .     .

> Therefore, I do find he's guilty of 2C:29-1 amending the charge. In addition, if I didn't do that notwithstanding the fact [that the municipal judge] dismissed a violation of the township ordinance insofar as that charge itself was concerned, ... I would find him guilty of the statute he was charged with violating as a lesser included offense. In other words, I would find him guilty of violating the township ordinance as a *lesser included* offense of 2C:29-2 but I think it's clear under 2C:29-1. (emphasis added).

In his notice of appeal with respect to David, defendant refers to a conviction under *N.J.S.A.* 2C:29–2, but in his procedural history does not refer to a letter from the trial judge, dated April 20, 1988, written before the final judgment was entered, and stating

At the *de novo* hearing regarding the above captioned appeal, I amended the charge to one of 2C:29–1. Actually, I am, on my own, reconsidering that determination and am affirming the conviction under 2C:29–2 which is that statute the defendant was initially charged with violating. The basis of my determination is that the defendant purposely prevented a law enforcement officer from effecting his own arrest in that he was handcuffed and continued to attempt to resist even if he was unaware of the fact that he was under arrest prior to the time he was handcuffed. Obviously, by the time he was handcuffed he was certainly aware of the fact that he was under arrest.

Accordingly, the initial conviction under 2C:29–2 will be affirmed.

*N.J.S.A.* 2C:29–1 prohibits obstructing, impairing or perverting the administration of law and the performance of official functions, including by physical interference or obstacle. It specifically provides that "[t]his section does not apply to ... refusal to submit to arrest...." We therefore conclude that the Law Division judge was indeed correct in ultimately holding, by his letter of April 20, 1988, that the obstructing or preventing one's own arrest does not constitute a violation of *N.J.S.A.* 2C:29–1. *N.J.S.A.* 2C:29–2 prohibits preventing "a law enforcement officer from effecting a lawful arrest...." We also agree with the judge of the Law Division that *N.J.S.A.* 2C:29–2 covers an individual's endeavor to prevent his own arrest. *See also N.J.S.A.* 2C:29–3, which prohibits hindering the apprehension or prosecution of another.

We need not consider whether the conviction in municipal court under *N.J.S.A.* 2C:29–2 could be amended to a prosecution under *N.J.S.A.* 2C:29–1, *see R.* 3:23–8(c), or whether either offense is included in the other. The problem in this case is that in rendering his findings and conclusions, the judge by amending the complaint to charge a violation of *N.J.S.A.* 2C:29–1, and indicating that he would have entered a judgment on the municipal ordinance had that not been dismissed at the municipal level, in essence found defendant not guilty of a violation of

*N.J.S.A.* 2C:29–2. Even though the judge's later determination, reamending the charge to 2C:29–2 and affirming the conviction under that statute, did not require any additional evidence before the fact-finder on the municipal appeal, it was made after the judge had concluded the proceedings with what constituted, in effect, an acquittal on the merits under *N.J.S.A.* 2C:29–2. *Compare, United States v. Scott,* 437 *U.S.* 82, 98 *S.Ct.* 2187, 57 *L.Ed.*2d 65 (1978), *reh'g denied,* 439 *U.S.* 883, 99 *S.Ct.* 226, 58 *L.Ed.*2d 197 (1978), *with Sanabria v. United States,* 437 *U.S.* 54, 98 *S.Ct.* 2170, 57 *L.Ed.*2d 43 (1978). We therefore conclude that defendant's conviction under *N.J.S.A.* 2C:29–2 must be vacated. *See, e.g., State v. Barnes,* 84 *N.J.* 362, 369–72 (1980); *cf. State v. Tropea,* 78 *N.J.* 309, 313–16 (1978).

██ Joan did not object to the Law Division's disposition under *N.J.S.A.* 39:4–66.1 at the time it was made. Before us, however, Joan argues, in addition to other matters, that the trial judge erred in ruling that *N.J.S.A.* 39:4–66.1 was a "lesser included offense" of *N.J.S.A.* 39:4–50 and that she, therefore, could not be convicted of that offense. The State, while arguing that *N.J.S.A.* 39:4–66.1 is a "lesser offense", does not suggest that it is "lesser included". *See e.g., State v. Sloane,* 111 *N.J.* 293 (1988); *N.J.S.A.* 2C:1–8d; *but see N.J.S.A.* 2C:1–14k. Moreover, the record before us does not indicate any discussion or reference to *N.J.S.A.* 39:4–66.1 prior to the judge's disposition under that statute. We are of the view that a trial judge on a trial *de novo* may find a defendant guilty of an offense which is a lesser included offense of the charged non-indictable offense. It may also be that a defendant can be convicted of a related, but not included, lesser non-indictable offense, at least if the complaint is amended in a timely fashion, *see R.* 3:23–8(c), so defendant can defend against the charges, *cf. State v. DeLuca,* 108 *N.J.* 98, 108–111 (1987), *cert. denied,* —— *U.S.* ——, 108 *S.Ct.* 331, 98 *L.Ed.*2d 358 (1987); *State v. Muniz,* 228 *N.J.Super.* 492 (App.Div.1988). *See also State v. Duthie,* 200 *N.J.Super.* 19 (App.Div.1985), *certif. den.* 101 *N.J.*

277 (1985). We need not address the issue here involving the absence of such amendment as defendant, who was not convicted of a "lesser included" offense, had no actual notice of the related lesser offense of which she was convicted under *N.J.S.A.* 39:4–66.1. Nor did she have an opportunity to defend or to be heard with respect to the disposition under that statute. *Cf. State v. Saulnier,* 63 *N.J.* 199, 205–208 (1973); *see also State v. DeLuca, supra; State v. Muniz, supra; State v. Duthie, supra* (amendment of complaint after argument); *State v. Koch,* 161 *N.J.Super.* 63 (App.Div.1978) (improper amendment). In these circumstances, where the conviction is for a related, but not "lesser included", non-indictable offense, and where there was no amendment of the complaint before disposition and, therefore, no right to be heard with respect to the charges, we vacate the conviction under *N.J. S.A.* 39:4–66.1. *Cf. State v. Saulnier, supra* 63 *N.J.* at 209.

Accordingly, the judgment of convictions of both Joan and David Garrison are reversed with directions to enter judgments of acquittal on the charges for which they were tried.