354 So.2d 914 (1978)
Ross HALL, Appellant,
v.
STATE of Florida, Appellee.
Nos. 77-1135 and 77-1360.
District Court of Appeal of Florida, Second District.
January 27, 1978.
Rehearing Denied February 24, 1978.
Jack O. Johnson, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
*915 Robert L. Shevin, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant appeals the judgment and sentence entered on his conviction of aggravated assault because the trial court did not instruct the jury on attempted aggravated assault.
The state charged appellant with aggravated assault and obstructing or opposing an officer with violence. At trial, the court instructed the jury on aggravated assault, obstructing a police officer with violence, simple assault, improper exhibition of a firearm, and obstructing a police officer without violence. Defense counsel requested an instruction on attempted aggravated assault. The court denied this request. Thereafter, the jury found appellant guilty of aggravated assault and obstructing an officer without violence.
Under Florida Criminal Procedure Rule 3.510 the trial court must charge on an attempt to commit a crime if such attempt is also an offense, and we cannot consider its failure to do so to be harmless error. Lomax v. State, 345 So.2d 719 (Fla. 1977); Irving v. State, 337 So.2d 1014 (Fla.2d DCA 1976).
The judgment and sentence are reversed and the cause remanded for a new trial.
HOBSON, Acting C.J., and GRIMES and OTT, JJ., concur.

ON PETITION FOR REHEARING
PER CURIAM.
In a petition for rehearing the state argues that in logic there can be no crime of attempted aggravated assault. See Hutchinson v. State, 315 So.2d 546 (Fla.2d DCA 1976). Thus, if the attempt to commit the crime charged does not constitute a separate offense, it would not be error to fail to give an instruction on attempt. King v. State, 339 So.2d 172 (Fla. 1976).
This contention overlooks the fact that in State v. White, 324 So.2d 630 (Fla. 1975), our supreme court observed that one whose presence never became known to his intended victim because of an unsuccessful attack from behind could be prosecuted for attempted assault. If attempted assault is a crime, then obviously attempted aggravated assault would also be a crime where a weapon was used. If the attempt to commit the crime charged is a separate offense, it makes no difference that the facts of the case do not warrant the conclusion that the charged crime was not consummated. Lomax v. State, supra.
The petition for rehearing is denied.
HOBSON, Acting C.J., and GRIMES and OTT, JJ., concur.