389 So.2d 661 (1980)
O.C. HUNTER, Appellant,
v.
STATE of Florida, Appellee.
No. 78-1632.
District Court of Appeal of Florida, Fourth District.
October 1, 1980.
Rehearing Denied November 19, 1980.
Richard L. Jorandby, Public Defender, and Cherry Grant, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert L. Bogen, Asst. Atty. Gen., West Palm Beach, for appellee.
GLICKSTEIN, Judge.
Appellant was indicted for first degree murder and found guilty of second degree murder. The trial court instructed the jury on first and second degree murder and manslaughter, but over appellant's objection, not on third degree murder. Appellee concedes this was error,[1] leaving for our determination whether the error was harmless.
We start by noting that our sister court in dicta recognized:
We have been unable to discover a case where the harmless error rule was applied in a case where the trial court failed to instruct the jury as to lesser degrees of the offense charged.
Johnson v. State, 314 So.2d 248, 250 (Fla.1st DCA 1975).
Although conceding error appellee argues that since the jury was given an instruction on manslaughter, a felony of the same degree with the same penalties as third degree murder,[2] they could have pardoned appellant had they so desired by returning a verdict of manslaughter. We disagree and interpret the supreme court's reasoning culminating with Abreau v. State, 363 So.2d 1063 (Fla. 1978), differently.
We believe that Abreau, supra, requires of an appellate court to find error harmful per se where the omitted instruction is for the degree of the offense immediately lesser than the degree of conviction[3]. This *662 application was properly applied in Butler v. State, 379 So.2d 715 (Fla.5th DCA 1980).
Therefore, we REVERSE and REMAND for a new trial.
HERSEY, J., and WETHERINGTON, GERALD T., Associate Judge, concur.
NOTES
[1] Florida Rule of Criminal Procedure 3.490 provides:

If the indictment or information charges an offense which is divided into degrees, without specifying the degree, the jurors may find the defendant guilty of any degree of the offense charged; if the indictment or information charges a particular degree the jurors may find the defendant guilty of the degree charged or of any lesser degree. The court shall in all such cases charge the jury as to the degrees of the offense. (Emphasis added)
Accord Brown v. State, 206 So.2d 377, 381 (Fla. 1968), interpreting Section 919.14, Florida Statutes (1965), the predecessor to the above rule.
[2] Compare Sections 782.04(4) and 782.07, Florida Statutes (1979).
[3] Abreau v. State, 363 So.2d 1063 (Fla. 1978), held that it is reversible error per se when the jury is not instructed on the next immediate lesser offense from the offense charged if they return a verdict for the offense charged. We believe, as did Butler v. State, 379 So.2d 715 (Fla.5th DCA 1980), that the logical extension of Abreau is that it is also reversible error per se when the jury is not instructed on the next immediate lesser offense than the offense of conviction.