399 So.2d 382 (1981)
Martin Michael PIANTADOSI, Appellant,
v.
The STATE of Florida, Appellee.
No. 80-1167.
District Court of Appeal of Florida, Third District.
May 26, 1981.
Rehearing Denied July 1, 1981.
*383 Sheldon Yavitz and Paul Stevens, Miami, for appellant.
Jim Smith, Atty. Gen. and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before HUBBART, C.J., and BASKIN and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
Piantadosi was brought to trial on an information charging attempted burglary of a conveyance. The information, in pertinent part, charged that Piantadosi:
"... did unlawfully attempt to enter ... a certain conveyance, to wit: a 1979 motor vehicle . .. [the property of another] with the intent to commit an offense therein, to wit: Theft, and in such attempt did pry hatchback lock of said conveyance, in violation of 810.02 ... Florida Statutes... ."
The State's proof at trial showed that the defendant was seen in broad daylight crouched in an office parking lot at the rear of the described vehicle. The owner of the vehicle came out of the office building and confronted the defendant. The defendant denied any wrongdoing and hurriedly departed. A screwdriver was found under the rear of the car, metal shavings were on the rear bumper, and the hatchback lock was "all chewed up."
At the charge conference, the defendant requested that the court instruct the jury on the offense of tampering with a motor vehicle under Section 860.17, Florida Statutes (1979). The court refused this requested instruction. Piantadosi was convicted of the crime charged, attempted burglary of a conveyance.
Section 860.17, Florida Statutes (1979), proscribes both the offense of tampering and attempting to tamper with motor vehicles.[1] The statute provides, in pertinent part:
"Whoever, without authority, willfully, maliciously, or intentionally tampers with, [or] attempts to tamper with ... any motor vehicle of another ... which results in the ... contents of such motor vehicle ... becoming unloaded ... is guilty of a misdemeanor in the second degree... ." (emphasis supplied).
*384 While the completed crime of tampering would apparently require the actual result that some of the contents of the car be removed or unloaded, a result not shown by the evidence in the present case, we cannot read that requirement into attempted tampering, since to do so would make the attempt to tamper indistinguishable from tampering. It is well settled that a statute must be read, if possible, so as to give meaning to all its parts. State v. Rodriguez, 365 So.2d 157 (Fla. 1978); Wilensky v. Fields, 267 So.2d 1 (Fla. 1972). To give content to the statutory words "attempts to tamper," we must read Section 860.17 as meaning that an attempt occurs where there is an act of tampering which does not result in the vehicle becoming unloaded or its contents being removed.[2] Since the act of prying the hatchback lock of the vehicle was charged in the accusatory pleading and proved by the evidence adduced at trial, and since it was alleged that the defendant's intent was to commit theft, which we read as the functional equivalent of an intent to remove contents or unload the vehicle, attempted tampering was, under Brown v. State, 206 So.2d 377 (Fla. 1968), a category four lesser-included offense of the crime charged. It was therefore necessary for the trial court, upon the defendant's request, to charge the jury on the tampering and attempted tampering offenses defined by Section 860.17, Florida Statutes. See Kimbrough v. State, 356 So.2d 1294 (Fla. 4th DCA 1978); Brown v. State, supra. Accord, Ross v. State, 373 So.2d 41 (Fla.2d DCA 1979).
This brings us to the question whether the failure to give this instruction may be considered harmless. The crime for which Piantadosi was convicted, attempted burglary of a conveyance, is a third-degree felony. See State ex rel. Washington v. Rivkind, 350 So.2d 575 (Fla.3d DCA 1977).[3] There being no lesser offense classified as a first-degree misdemeanor, the offense of tampering-attempted tampering, a second-degree misdemeanor, is the offense one step removed from the offense for which the defendant was convicted. It was thus per se reversible error to refuse to give the instruction requested by Piantadosi. Reddick v. State, 394 So.2d 417 (Fla. 1981); Hunter v. State, 389 So.2d 661 (Fla. 4th DCA 1980); Butler v. State, 379 So.2d 715 (Fla. 5th DCA 1980).[4]Compare State v. Abreau, 363 So.2d 1063 (Fla. 1978). See also Williams v. State, 399 So.2d 999, 1003 n. 10 (Fla.3d DCA 1981). We are compelled *385 to reverse the defendant's conviction and remand for a new trial.
NOTES
[1] Generally, where an attempt is proscribed only by the attempt statute, Section 777.04, Florida Statutes, it is a crime of a lesser degree than the completed crime. In Section 860.17, Florida Statutes, the legislature chose to punish the attempt to tamper in the same manner as the completed crime of tampering, a choice within the legislative prerogative. See State ex rel. Washington v. Rivkind, 350 So.2d 575 (Fla.3d DCA 1977), and Massey v. State, 348 So.2d 1244 (Fla. 1st DCA 1977), (within province of legislature to provide that third-degree burglary and attempted third-degree burglary be punished as third-degree felonies). See also Milazzo v. State, 377 So.2d 1161 (Fla. 1979); Miles v. State, 374 So.2d 1167 (Fla.2d DCA 1979); Hestor v. State, 363 So.2d 26 (Fla. 4th DCA 1978) (addressing other statutes which proscribe both the completed crime and the attempt, and holding that since there cannot legally be an attempt to attempt, no instruction under the general attempt statute is required).
[2] In other instances where the crime is defined in terms of a result, Florida courts have found an attempt to be a crime. See, e.g., De la Cova v. State, 355 So.2d 1227 (Fla.3d DCA 1978) (affirming judgment of conviction for attempted second-degree arson, notwithstanding that second degree arson requires proof of damage to a structure); State v. White, 324 So.2d 630 (Fla. 1976); Hall v. State, 354 So.2d 914 (Fla.2d DCA 1978) (attempted assault is offense, notwithstanding that assault requires proof that victim was placed in fear of imminent violence).
[3] "If the offense attempted ... is ... any burglary, the person convicted shall be guilty of a felony of the third degree... ." § 777.04(4)(c), Fla. Stat. (1979).
[4] The State contends that because Piantadosi did not request an instruction on trespass, which crime the State argues is a lesser-included offense of attempted burglary, he cannot complain of the failure to give the tampering charge. Tampering with and trespass on a conveyance are both second-degree misdemeanors, and thus, the same level crime. The Florida Supreme Court's decision in Reddick v. State, supra, makes clear that even if the trial court gives an instruction on an offense one step removed, the failure to instruct, upon the defendant's request, on another offense one step removed from the offense for which the defendant was convicted, is per se reversible. Hunter v. State, supra. The State seemingly argues that unless a defendant requests an instruction on every one-step removed offense, he cannot complain of the failure of the court to give a requested instruction on one of these offenses. The argument is unsound. The failure to request an instruction as to one offense (here trespass) can only be deemed a waiver of entitlement as to an instruction on that offense, not others. Moreover, without deciding the issue here, we note that while trespass is a lesser-included offense of burglary, see Butler v. State, supra, it is doubtful that trespass is a lesser-included offense of attempted burglary, since trespass requires entry and attempted burglary presupposes an unsuccessful entry.