423 So.2d 614 (1982)
Harrison W. JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. AL-75.
District Court of Appeal of Florida, First District.
December 21, 1982.
Michael Allen, Public Defender, Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Barbara Ann Butler, Asst. Atty. Gen., Jacksonville, for appellee.
PER CURIAM.
We reverse appellant's conviction of second degree murder, based upon the trial court's failure to instruct the jury that the appellant could be convicted of third degree murder.
Murder is an offense divided into degrees. Rule 3.490, Florida Rules of Criminal Procedure, prior to October 1, 1981, provided that when the information or indictment charges an offense which is divided into degrees, the court "shall in all such cases" charge the jury as to the degrees of the offense. This rule required an instruction on the degrees of the offense, even if there was no evidence of the lesser degree. However, by amendment effective October 1, 1981, Rule 3.490 was amended so as to provide that the judge "shall not instruct on any degree as to which there is no evidence." Under the revised rule, as well as the revised jury instructions in criminal cases, a jury instruction on third degree murder was required in this case only if there was evidence of that offense. See, In The Matter *615 Of The Use By The Trial Courts Of The Standard Jury Instructions In Criminal Cases, etc., [1981 FLW 305], case nos. 56,734 and 58,799, opinion filed April 16, 1981. The State concedes this, but contends that there is no evidence which would support a third degree murder conviction. We disagree.
The appellant's repeated hitting and kicking of the victim clearly constitutes battery as defined by Section 784.03(1), Florida Statutes. Considering the severity of the injuries suffered by the victim as testified to by the doctors, the evidence would also be sufficient to show "great bodily harm," which will support a conviction of aggravated battery under Section 784.045(1)(a), Florida Statutes. Defense counsel suggested at trial that battery or aggravated battery were underlying felonies sufficient to support a third degree murder finding. This court has so recognized. Webb v. State, 410 So.2d 944 (Fla. 1st DCA 1982); Harper v. State, 386 So.2d 808 (Fla. 1st DCA 1980). The error in failing to give the charge is reversible, not harmless. See, Hunter v. State, 389 So.2d 661 (Fla. 4th DCA 1980).
No reversible error occurred with respect to the trial court's rulings on the testimony of the pathologist. We agree, as argued by appellee, that the pathologist did not testify as to how the victim's injuries were inflicted. The doctor testified to the nature of the injuries, and that some of those injuries were consistent with a blow by a fist, but that others would require greater force and were consistent with a kick, or other trauma. He further opined that a fracture of the hyoid bone is consistent with steady, strong pressure, but not with a blow by a fist, or the edge of a hand. Nothing in the doctor's testimony was inconsistent with appellant's version of the offense. This testimony is not beyond the expertise of the pathologist, as was the testimony in Wright v. State, 348 So.2d 26 (Fla. 1st DCA 1977).
In view of our reversal on other grounds, it is unnecessary to address the contention that a sentencing error occurred because of a misconception on the part of both the state and the defense as to the minimum sentence the trial court was required to impose upon appellant.
REVERSED and REMANDED for new trial.
ERVIN, LARRY G. SMITH and SHIVERS, JJ., concur.