496 So.2d 864 (1986)
Angelo A. DICICCO, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1166.
District Court of Appeal of Florida, Second District.
October 3, 1986.
*865 James Marion Moorman, Public Defender, and William H. Pasch, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Acting Chief Judge.
Appellant appeals from his convictions of attempted first-degree murder, possession of a firearm by a convicted felon, and auto theft.
In attacking his conviction for attempted first-degree murder, appellant correctly contends that the court erred in failing to give his requested instruction on the lesser included offense of attempted second-degree murder. Morgan v. State, 417 So.2d 1027 (Fla. 3d DCA), petition for review denied, 426 So.2d 27 (Fla. 1982). The state responds by asserting that the error was harmless because the court did give an instruction on aggravated battery, a crime which carries the same penalty as attempted second-degree murder. See DeLaine v. State, 262 So.2d 655 (Fla. 1972). However, the supreme court has stated that failure to instruct on the next immediate lesser included offense (one step removed) constitutes error that is per se reversible. Reddick v. State, 394 So.2d 417 (Fla. 1981); State v. Abreau, 363 So.2d 1063 (Fla. 1978). The fact that an instruction has been given on another lesser included offense carrying the same penalty does not suffice. Piantadosi v. State, 399 So.2d 382 (Fla. 3d DCA), petition for review denied, 408 So.2d 1095 (Fla. 1981); Hunter v. State, 389 So.2d 661 (Fla. 4th DCA 1980).
We also find it necessary to reverse all of appellant's sentences. At the sentencing hearing the court gave several reasons for departure but later stated that the departure was based on the fact that appellant had been determined to be a habitual offender. Yet, the only reasons put in writing were those first expressed, and at least some of them were legally insufficient. Moreover, in sentencing appellant for auto theft, the court erred in finding him to be a habitual offender because of the failure to serve him with prior written notice with respect to that crime. § 775.084(3)(b), Fla. Stat. (1985).
We reverse appellant's conviction of attempted first-degree murder. We affirm the other two convictions; but we reverse the sentences and remand for resentencing.
CAMPBELL and LEHAN, JJ., concur.