529 So.2d 797 (1988)
Brindley MARSHALL, Appellant,
v.
The STATE of Florida, Appellee.
No. 85-165.
District Court of Appeal of Florida, Third District.
August 9, 1988.
Bennett H. Brummer, Public Defender, and Henry H. Harnage, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Joni B. Braunstein, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and JORGENSON, JJ.
DANIEL S. PEARSON, Judge.
The defendant appeals from a conviction of attempted murder in the second degree, a lesser-included offense of attempted murder in the first degree, the charge contained in the information. He contends that the trial court's refusal to instruct the jury, upon his request, on the lesser-included offense of attempted manslaughter resulted in his being deprived of a potential jury pardon. We agree with the defendant and reverse and remand for a new trial.[1],[2]
*798 It is now well established that "[t]he failure to instruct on the next immediate lesser included offense (one step removed) constitutes error that is per se reversible." Reddick v. State, 394 So.2d 417, 418 (Fla. 1981) (quoting State v. Abreau, 363 So.2d 1063, 1064 (Fla. 1978)). The State concedes that the jury must be instructed on lesser-included offenses one step removed from the offense charged, but argues that the jury need not be instructed on lesser-included offenses one step removed from the offense upon which the defendant is convicted. Abreau, however, has been construed as requiring that "an appellate court ... find error harmful per se where the omitted instruction is for the degree of the offense immediately lesser than the degree of conviction." Hunter v. State, 389 So.2d 661, 661 (Fla. 4th DCA 1980) (emphasis added). As the court in Hunter explained:
"Abreau v. State, 363 So.2d 1063 (Fla. 1978), held that it is reversible error per se when the jury is not instructed on the next immediate lesser offense from the offense charged if they return a verdict for the offense charged. We believe, as did Butler v. State, 379 So.2d 715 (Fla. 5th DCA 1980), that the logical extension of Abreau is that it is also reversible error per se when the jury is not instructed on the next immediate lesser offense than the offense of conviction."

Hunter v. State, 389 So.2d at 661 n. 3 (emphasis in original).
Moreover, it is inconsequential that the jury in the present case was given an instruction on attempted third-degree murder, a felony of the same degree as attempted manslaughter.[3]Reddick v. State, 394 So.2d 417; Dicicco v. State, 496 So.2d 864 (Fla. 2d DCA 1986); Hunter v. State, 389 So.2d 661. As we said in Piantadosi v. State, 399 So.2d 382, 384 n. 4 (Fla. 3d DCA 1981):
"The Florida Supreme Court's decision in Reddick v. State, supra, makes clear that even if the trial court gives an instruction on an offense one step removed, the failure to instruct, upon the defendant's request, on another offense one step removed from the offense for which the defendant was convicted, is per se reversible."
Accordingly, the defendant's conviction is reversed, and the cause is remanded for a new trial.
Reversed and remanded.
NOTES
[1] The highest offense for which the defendant may be retried is, of course, attempted murder in the second degree.
[2] Since we are setting aside the defendant's conviction, it is unnecessary for us to consider the defendant's further point that the trial court erred in enhancing his attempted second-degree murder conviction to a first-degree felony in the absence of the required jury finding that the offense was committed with a firearm. See State v. Overfelt, 457 So.2d 1385 (Fla. 1984); Douglas v. State, 523 So.2d 704 (Fla. 2d DCA 1988); LaMarca v. State, 515 So.2d 309 (Fla. 3d DCA 1987); Cobas-Torres v. State, 502 So.2d 67 (Fla. 3d DCA 1987); Streeter v. State, 416 So.2d 1203 (Fla. 3d DCA 1982). Although the verdict did not expressly contain a finding that the defendant committed the offense of attempted second-degree murder with a firearm, it stated that the defendant was guilty of attempted second-degree murder "as a lesser included charge as to Count 5 of the Information" and Count 5, in turn, charged the defendant with attempted first-degree murder with a firearm. The State argues that this reference in the verdict to the charge in the information which itself refers to the firearm satisfies the firearm finding requirement. This argument is far more convincing in a case where the defendant is found guilty "as charged" and the charge refers to the use of a firearm in the commission of a crime, see, e.g., Fischer v. State, 488 So.2d 145 (Fla. 3d DCA 1986), than in one, as here, where the defendant is found guilty of a lesser-included offense of the charge contained in the information. Although the State correctly points out that the court in Luttrell v. State, 513 So.2d 1298 (Fla. 2d DCA 1987), approved enhancement, and this court, in Rios v. State, 510 So.2d 1025 (Fla. 3d DCA 1987), approved the imposition of a mandatory minimum sentence under circumstances identical to the present case, the underlying premise of these cases  that the jury in finding the defendant guilty of the lesser-included offense necessarily found that he committed that offense with a firearm  is open to considerable doubt. This is so because both attempted second-degree murder with a firearm and attempted second-degree murder without a firearm are lesser offenses of attempted first-degree murder with a firearm. Because the issue is not free from doubt, we suggest that upon retrial the verdict form and instructions call for the jury's finding as to the use vel non of a firearm on the offense charged and any lesser included offenses.
[3] Both third-degree murder and manslaughter are second-degree felonies. § 782.04(4) & § 782.07, Fla. Stat. (1983), respectively. An attempt to commit either crime is a third-degree felony. § 777.04(4)(c), Fla. Stat. (1983).