538 So.2d 850 (1989)
James Otis HERRINGTON, Petitioner,
v.
STATE of Florida, Respondent.
No. 72452.
Supreme Court of Florida.
February 23, 1989.
Richard L. Jorandby, Public Defender and Gary Caldwell, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen. and Amy Lynn Diem and Michael J. Hellman, Asst. Attys. Gen., West Palm Beach, for respondent.
*851 GRIMES, Judge.
We review Herrington v. State, 524 So.2d 509 (Fla. 4th DCA 1988), because of conflict with Green v. State, 475 So.2d 235 (Fla. 1985). We have jurisdiction based on article V, section 3(b)(3), of the Florida Constitution.
Herrington was charged with and convicted of second-degree murder. On appeal, he complained of the court's refusal to give his requested instruction on third-degree murder premised on the underlying felony of aggravated assault. In affirming his conviction, the district court of appeal applied a lesser included offense analysis to hold that because the information did not allege the elements of the category two lesser offense of third-degree murder, Herrington was not entitled to an instruction on that offense.[*]
In Green v. State, 475 So.2d 235 (Fla. 1985), we held that where a defendant is charged with first-degree murder the judge must give his requested instruction on third-degree murder if there is evidence that the killing was done during the commission of one of the underlying felonies of third-degree murder. The Court emphasized the wording of Florida Rule of Criminal Procedure 3.490, which reads as follows:

RULE 3.490 DETERMINATION OF DEGREE OF OFFENSE
If the indictment or information charges an offense divided into degrees, the jury may find the defendant guilty of the offense charged or any lesser degree supported by the evidence. The judge shall not instruct on any degree as to which there is no evidence.
Thus, it is that in the case of degree crimes, requested instructions on all lesser degrees that are supported by the evidence must be given regardless of the allegations of the charging document.
Herrington testified that the killing occurred after the victim had threatened him. He said he pointed a pistol at the victim to scare him and that it accidentally misfired. These facts would support a conviction for third-degree murder premised upon the underlying felony of aggravated assault. Consequently, the instruction should have been given.
Even though the court gave an instruction on manslaughter, which, like third-degree murder, is a second-degree felony, the failure to instruct on third-degree murder cannot be deemed harmless error because third-degree murder is only one step removed from the crime charged in the information. Dicicco v. State, 496 So.2d 864 (Fla. 2d DCA 1986); Piantadosi v. State, 399 So.2d 382 (Fla. 3d DCA), review denied, 408 So.2d 1095 (Fla. 1981); Hunter v. State, 389 So.2d 661 (Fla. 4th DCA 1980).
We disapprove the opinion of the court below and remand the case with directions to vacate Herrington's conviction and grant him a new trial.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, BARKETT and KOGAN, JJ., concur.
SHAW, J., concurs in result only.
NOTES
[*] There is no doubt that when the schedule of lesser included offenses was proposed in 1980 the Committee on Standard Jury Instructions in Criminal Cases intended that degree crimes be treated as other lesser included offenses. Thus, unless the elements of the lesser crime were necessarily included in the greater, there would be no need to instruct on the lesser crime unless its elements were alleged in the information and supported by the evidence. See Comment on Schedule of Lesser Included Offenses (page 261) and order and opinion of Supreme Court of Florida adopting Florida Standard Jury Instructions in Criminal Cases, Nos. 57,734 and 58,799 (April 16, 1981) (page v), both of which are reprinted in the Florida Standard Jury Instructions in Criminal Cases. However, the language in Florida Rule of Criminal Procedure 3.490 dealing with degree crimes was not sufficiently amended to permit this result. Linehan v. State, 442 So.2d 244, 256 (Fla. 2d DCA 1983) (Grimes, J., concurring), approved, 476 So.2d 1262 (Fla. 1985).