PER CURIAM.
This cause is before us on appeal from a judgment and sentence in which appellant was adjudicated guilty of second-degree murder and sentenced to a term of life imprisonment. We find it necessary to reverse the judgment and sentence based on the trial court’s refusal to give a jury instruction on third-degree felony murder as required by Green v. State, 475 So.2d 235 (Fla.1985), and Johnson v. State, 423 So.2d 614 (Fla. 1st DCA 1982).
The Supreme Court in Green, supra, at 236, held that “[although third-degree felony murder is not a necessary included offense of first-degree murder, it is, under certain circumstances and evidence, a proper permissive lesser included offense of first-degree murder, requiring a jury instruction to that effect.” In the present case, the evidence warranted a jury instruction on third-degree felony murder.
Johnson, supra, is particularly relevant. This court there reversed a second-degree murder conviction based on the trial court’s failure to give a requested jury instruction on third-degree murder. As in this case, the State argued in Johnson that there was no evidence which would support a third-degree murder conviction. This court held that appellant’s repeated hitting and kicking of the victim, and the severity of the victim’s injuries as testified to by the doctors, would support a conviction of battery or aggravated battery. The battery or aggravated battery was an underlying felony sufficient to support a conviction of third-degree murder. This court therefore found that the trial court erred in failing to give jury instructions on third-degree murder, and further found that the error was not harmless. Id. at 615; see also, Herrington v. State, 538 So.2d 850, 851 (Fla.1989) (“in the case of degree crimes, requested instructions on all lesser degrees that are supported by the evidence must be given regardless of the allegations of the charging document”).
In the present case, appellant’s repeated blows to the victim, and the severity of her injuries, likewise are sufficient to require a third-degree felony murder instruction based on the underlying felony of battery or aggravated battery. Several witnesses testified to appellant’s admissions that he struck the victim several times because she had a “boyfriend.” The victim’s friend and baby-sitter both testified that appellant called them to come over to help after the victim was injured. Appellant told the victim’s friend that he thought victim was pretending to be paralyzed. He called the baby-sitter when the victim would not wake up. When she did not come immediately, he called her repeatedly until she came. Moreover, appellant did not continuously beat the victim until the point of death. Based on the recited evidence upon which a jury could find third-degree felony murder, we conclude that the trial court abused its discretion in refusing to give the requested jury instruction. The judge improperly took a factual question from the jury, treating it as an issue of law for the court.
We find no merit in other issues presented here by appellant as to rulings on juror challenges, admission of evidence, motions for mistrial and judgment of acquittal, and departure from the sentencing guidelines, which we affirm.
The trial court’s judgment is therefore reversed and the sentence vacated based on the court’s refusal to give instructions on third-degree felony murder, and the cause is remanded for further consistent proceedings.
BOOTH and MINER, JJ., concur.
WENTWORTH, J., concurs specially with written opinion.