618 So.2d 291 (1993)
Willoughby Turner COX, Appellant,
v.
STATE of Florida, Appellee.
No. 91-03646.
District Court of Appeal of Florida, Second District.
April 14, 1993.
*292 Michael J. Snure and David A. Henson of Muller, Kirkconnell, Lindsey and Snure, P.A., Winter Park, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Stephen A. Baker, Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Judge.
The appellant, Willoughby Turner Cox, challenges the judgments and sentences imposed upon him after a jury found him guilty of several crimes arising out of an automobile accident.
The appellant contends that he was improperly convicted of one count of DUI/manslaughter and two counts of DUI/damage to person or property. We agree with the appellant's contention that the trial court erred in instructing the jury on count III of the information. We, therefore, reverse and remand for a new trial on the charge of DUI/damage to the person or property of Kimberly Easter. We find no merit in any of the appellant's other contentions and, accordingly, affirm the remaining convictions without further discussion.
The state, in count III of the information, charged the appellant with DUI/serious bodily injury to the person of Kimberly Easter in violation of sections 316.193(1) and 316.193(3), Florida Statutes (1989). During the charge conference, the appellant requested instructions of the lesser included offenses of DUI/damage to property or person and simple DUI. The trial court refused to give the instruction on simple DUI because simple DUI was two steps removed from the offense charged, and it was clear that there was an injury. The court stated that the jury might disagree on the extent of Ms. Easter's injuries but they could not dispute the fact that she was injured.
At the conclusion of the appellant's trial, the jury found the appellant guilty of the lesser included offense of DUI/damage to the person or property of Ms. Easter. This timely appeal followed.
We agree with the appellant's contention that simple DUI is a necessarily lesser included offense of that charged in this case, DUI/serious bodily injury, and that an instruction on that offense must be given regardless of the degree of proof supporting the conviction for the greater offense. State v. Wimberly, 498 So.2d 929 (Fla. 1986). A necessary lesser included offense is always included in the major offense. Wimberly. Simple DUI, as defined in section 316.193(1), is actually an element of the offense of DUI/serious bodily injury in section 316.193(3)(c)2, which requires a violation of subsection (1). Since it is not possible to prove DUI/serious bodily injury without proving simple DUI, simple DUI is a necessary lesser included offense of DUI/serious bodily injury. See State v. Bruns, 429 So.2d 307 (Fla. 1983). Cf. Kurtz v. State, 564 So.2d 519 (Fla. 2d DCA 1990) (simple DUI is category I lesser included offense of DUI/manslaughter).[1]
The state concedes that simple DUI is a category I lesser included offense of DUI/serious bodily injury. It contends, however, that because simple DUI is two steps removed from the charged offense, the failure to give the instruction is subject to a harmless error analysis and that under such an analysis the appellant's conviction should be affirmed. If we were allowed to apply harmless error to the facts of this case we would agree that the appellant's conviction could be affirmed. The record reflects, as stated by the trial judge, that Ms. Easter was injured, and the only question really in dispute was the extent of the injury. See Wyche v. State, 573 So.2d 953 (Fla. 2d DCA 1991). We cannot, however, apply the harmless error analysis in this case.
The state correctly argues that in Torres v. State, 541 So.2d 1224 (Fla. 2d DCA 1989), quashed on other grounds, 548 So.2d 660 *293 (Fla. 1989), this court found that the trial court's failure to instruct on grand theft as a lesser included offense of robbery with a firearm was harmless error because grand theft was two steps removed from the crime charged. In reaching this conclusion, we cited State v. Abreau, 363 So.2d 1063 (Fla. 1978). In Torres, however, unlike this case, the defendant was convicted of the crime charged and not a lesser included offense. The state misapplied Torres in arguing that Abreau stands for the proposition that failure to instruct on an offense two steps removed from the crime charged can be harmless error. In discussing the Abreau holding, the supreme court in Acensio v. State, 497 So.2d 640 (Fla. 1986), stated "Abreau stands for the rule that a refusal to instruct on a lesser included offense two steps removed from the offense for which a defendant is convicted is harmless error." Acensio at 642. The appellant in this case was not convicted of the crime charged, and the requested instruction was only one step removed from the crime of which he was convicted.
Three of our sister courts have explicitly held that failure to instruct on an offense only one step removed from the offense for which a defendant is convicted, regardless of the nature of the charge or how many steps removed the omitted offense is from the offense charged, is per se reversible error. See Marshall v. State, 529 So.2d 797 (Fla. 3d DCA 1988); Piantadosi v. State, 399 So.2d 382 (Fla. 3d DCA 1981), rev. denied, 408 So.2d 1095 (Fla. 1981); Hunter v. State, 389 So.2d 661 (Fla. 4th DCA 1980); Butler v. State, 379 So.2d 715 (Fla. 5th DCA 1980). This court has alluded to this proposition on more than one occasion. Smith v. State, 539 So.2d 514 (Fla. 2d DCA 1989), decision approved, opinion quashed by 573 So.2d 306 (Fla. 1990); Tobey v. State, 533 So.2d 1198 (Fla. 2d DCA 1988), rev. denied, 542 So.2d 990 (Fla. 1989). We now expressly follow our sister courts, and since the omitted instruction on simple DUI is only one step removed from the offense for which the appellant was convicted, i.e. DUI/damage to person or property, we reverse and remand for a new trial on count III.
Affirmed in part, reversed in part, and remanded.
DANAHY, A.C.J., and CAMPBELL, J., concur.
NOTES
[1] Simple DUI is also listed as a category I lesser included offense of DUI/serious bodily injury in the schedule of lesser included offenses in the Florida Standard Jury Instructions.