PER CURIAM.
Jackson appeals his conviction of second degree murder, arguing he was entitled to a jury instruction on third degree felony murder. We agree and reverse.
Appellant and the victim, Buddy Harris, had been engaged in an ongoing dispute about Harris’s careless driving on the road where Jackson lived. While no physical altercation had ever occurred, appellant frequently "called the law,” and obscene name calling was common. Harris had thrown bottles at appellant’s home, and there was testimony that he had a bad reputation for violence.
On August 31, 1991, it is undisputed that Harris had been drinking; his blood alcohol level was .152%. Appellant had called the sheriff after Harris’s speeding truck sideswiped a three-wheeler carrying appellant’s girlfriend’s 10-year-old son and another child. A deputy sheriff came out and talked to Harris about the reckless driving complaint. Harris then returned to the area where appellant lived and appellant, fearing trouble, armed himself with a .22 caliber revolver. The two men argued. Harris parked his truck and he and Wen *183 dell Rhoden, Harris’s cousin, who was also riding in the truck, got out. Harris shouted to appellant to come away from the front of his house and “we’ll settle this like two men.”
The 10-year-old testified he saw Harris conceal something under his shirt. Appellant said Rhoden was holding a knife against his leg, and Harris had taken something out from behind the seat of his truck and had placed it under his shirt. The two men walked toward appellant, who fired twice. The first bullet caused no injury; the second struck Harris in the chest. There was testimony that the first shot went into the ground. Harris sank to the ground, and there was testimony that Rho-den took an object from him and threw it into the back of the truck.
Appellant testified he fired the first shot into the dirt to scare Harris, and then when he pointed the gun at Harris, it fired accidentally; he had no intention of shooting Harris. Appellant said Harris kept coming toward him. A ballistics expert testified that fairly light pressure was needed to fire the gun, which was a single action revolver incapable of being fired continuously. After the shooting, appellant directed the 10-year-old to call 911, and he was at the scene when the sheriff arrived. He peacefully surrendered the gun. Harris died at the hospital.
Appellant was charged with first degree murder. At the conclusion of the trial, he requested a jury instruction on third degree felony murder, a permissible lesser included offense, arguing that the death occurred during commission of an aggravated assault. The trial court denied the request because, based on appellant’s argument, a defendant could require the third degree instruction any time an assailant pointed a gun at the victim before shooting him. The court instructed the jury on first and second degree murder and manslaughter. The jury convicted appellant of second degree murder.
Appellant argues, and we agree, that under Herrington v. State, 538 So.2d 850 (Fla.1989), he was entitled to have the jury instruction on third degree felony murder given. In Herrington, the defendant was charged with, and convicted of, second degree murder. The trial court denied his request for an instruction on third degree murder premised on the underlying felony of aggravated assault. The supreme court reversed, citing defendant’s testimony that the shooting occurred after the victim threatened him, he pointed the gun at the victim to scare him, and it accidentally discharged. The court held this evidence would support a conviction of third degree murder premised on aggravated assault, therefore the instruction should have been given. The court rejected the argument that since an instruction was given on manslaughter, which, like third degree murder, is a second degree felony, the error was harmless, because third degree murder was only one step removed from the crime charged, citing Dicicco v. State, 496 So.2d 864 (Fla. 2d DCA 1986), Piantodosi v. State, 399 So.2d 382 (Fla. 3d DCA) review denied 408 So.2d 1095 (Fla.1981), and Hunter v. State, 389 So.2d 661 (Fla. 4th DCA 1980).
The testimony which supported the instruction on third degree murder in Her-rington is virtually identical to the testimony in this case. While it is true that in Herrington the requested instruction was for a crime only one step removed from the crime charged, and in that respect Her-rington differs from the instant case, in Hunter the error was harmful per se when the trial court refused to instruct on “the degree of the offense immediately lesser than the degree of conviction,” 389 So.2d at 661, as is the case here. See also Marshall v. State, 529 So.2d 797 (Fla. 3d DCA 1988).
For the foregoing reasons, we reverse and remand for a new trial.
JOANOS, ALLEN and WOLF, JJ., concur.