PER CURIAM.
Margaret Elkin, the defendant, was charged with the premeditated first degree murder of her husband, and was eventually found guilty of second degree murder on retrial. Of the several issues raised by the defendant in this appeal, we find merit only in the claim that the trial court erred in refusing the defendant’s requested jury instruction on third degree felony murder.
The Florida Supreme Court has held “that in the case of degree crimes, requested instructions on all lesser degrees that are supported by the evidence must be given regardless of the allegations of the charging document.” Herrington v. State, 538 So.2d 850, 851 (Fla.1989). Under the dictates of Her-rington, the refusal to provide a jury instruction on third degree murder premised upon the underlying felony of aggravated battery, constitutes reversible error. Accordingly, because the evidence supported the permissive lesser included offense of third degree felony murder premised upon aggravated battery, we are required to find that the trial court erred in refusing the requested instruction, and the ease must be reversed and remanded for a new trial. See Herrington, 538 So.2d at 850; Green v. State, 475 So.2d 235 (Fla.1985); Jackson v. State, 622 So.2d 182 (Fla. 1st DCA 1993); Garcia v. State, 574 So.2d 240 (Fla. 1st DCA 1991).
Reversed and remanded for a new trial.