GOSHORN, Judge.
Kharibe Burgan appeals from his conviction for second degree murder,[1] two counts of robbery with a firearm,[2] one count of attempted robbery with a firearm,[3] one count of criminal conspiracy,[4] and one count of burglary with a firearm.[5] We find merit only in his contention that it was error to deny his request to charge the jury on third degree murder, with the underlying felony being aggravated assault.
Our supreme court has held that the failure to give a requested instruction is per se reversible error where the evidence supports the giving of the instruction. See Herrington v. State, 538 So.2d 850 (Fla.1989); see also Green v. State, 475 So.2d 235 (Fla.1985); Peterson v. State, 643 So.2d 9 (Fla. 2d DCA 1994); Elkin v. State, 636 So.2d 570 (Fla. 3d DCA 1994); Jackson v. State, 622 So.2d 182 (Fla. 1st DCA 1993); Garcia v. State, 574 So.2d 240 (Fla. 1st DCA 1991). Sub judice, there was testimony that defendant held a gun on one victim and ordered him and the other occupants to lie on the floor. The victims followed the order because they were afraid. Defendant at some point handed the gun to a codefendant and began searching for marijuana. These facts supported a finding of aggravated assault. See § 784.021, Fla.Stat. (1993).
Accordingly, we reverse defendant’s conviction for second degree murder and remand for a new trial. We affirm each of defendant’s other convictions and sentences.
AFFIRMED in part; REVERSED in part; REMANDED.
GRIFFIN and THOMPSON, JJ., concur.

. § 782.04(2), Fla.Stat. (1993).

. § 812.13(1), (2)(a), Fla.Stat. (1993).

. §§ 777.04(1), (4)(b), 812.13(1), (2)(a), Fla.Stat. (1993).

. §§ 777.04(3), (4)(c), 810.02(3), 812.13(2)(c), Fla.Stat. (1993).

. § 810.02(l)-(2)(b), Fla.Stat. (1993).