799 So.2d 223 (2001)
John Anthony SHERIDAN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-216.
District Court of Appeal of Florida, Second District.
July 13, 2001.
Rehearing Denied August 28, 2001.
James Marion Moorman, Public Defender, and Paula C. Coffman, Special Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Diana K. Bock, Assistant Attorney General, Tampa, for Appellee.
SALCINES, Judge.
John Anthony Sheridan appeals his conviction for second-degree murder and asserts that the trial court erred when it failed to give the requested instruction for third-degree murder. We agree with his *224 assertion, reverse the conviction, and admonish the prosecutor for his repeated misconduct during closing argument.
Sheridan was charged with first-degree premeditated murder in the death of James Willette. Several witnesses graphically testified how they observed the beating inflicted by Sheridan upon Mr. Willette before Sheridan and his friends left the young man to die from his injuries.
Forensic pathologist Edward Corcoran responded to the crime scene on December 19, 1997, and later performed an autopsy. Dr. Corcoran testified that Mr. Willette's external injuries included facial scrapes, bruises, and lacerations. His lips were swollen; there was hemorrhaging and swelling around both eyelids and both ears. There were lacerations on the back side and left side of Mr. Willette's head and a large abrasion on his neck. Dr. Corcoran also described the more extensive internal injuries sustained by Mr. Willette which included a fractured rib on the victim's front left side and fractures of two ribs in the back. Hemorrhaging under the chest lining associated with those fractures resulted in approximately two ounces of blood pooling in the chest cavity. There was hemorrhaging in the scalp tissue surrounding the brain, bruising of the brain, and bleeding within the chambers of the brain. The skull was fractured at its base. Examination also revealed compressive injuries to the head. Additional fractures to the skull were discovered in the frontal area where the nose and sinus cavities were located. It was Dr. Corcoran's expert opinion that the cause of death was "blunt trauma injury to the head and chestprimary injury would be the head injury." Dr. Corcoran further testified that the injuries revealed the victim had been kicked and stomped on his head.
At the jury charge conference, Sheridan's counsel requested an instruction for third-degree murder[1] as a lesser included offense of the first-degree premeditated murder for which he was being tried. The prosecutor, William Andrew Loughery, objected to the instruction and asserted that there was no reasonable basis for its inclusion. Defense counsel countered that the underlying felony offense committed by Sheridan was aggravated battery, an offense not found in the list of enumerated felonies in section 782.04(4), Florida Statutes (1997). On that basis, defense counsel argued that the third-degree murder instruction was proper. The trial judge was inclined to give the instruction; *225 however, during an extensive discussion the prosecutor stated, "And if you're suggesting that on aggravatedif you're intending to commit aggravated battery and as a result the person dies, that's only third-degree murderthat's just an absurd conclusion, and there's no logic to that whatsoever." Ultimately, the trial judge was persuaded not to submit the instruction.
The trial judge's first inclination was correct. If an aggravated battery results in death, it can indeed be thirddegree murder. See Elkin v. State, 636 So.2d 570 (Fla. 3d DCA 1994); Garcia v. State, 574 So.2d 240 (Fla. 1st DCA 1991); Johnson v. State, 423 So.2d 614 (Fla. 1st DCA 1982). Further, if there is evidence supporting the lesser charge of third-degree murder, the defendant is entitled to such an instruction to the jury. Green v. State, 475 So.2d 235, 237 (Fla.1985); Elkin, 636 So.2d at 571; Garcia, 574 So.2d at 241. In Johnson, the court stated:
The appellant's repeated hitting and kicking of the victim clearly constitutes battery as defined by Section 784.03(1), Florida Statutes. Considering the severity of the injuries suffered by the victim as testified to by the doctors, the evidence would also be sufficient to show "great bodily harm," which will support a conviction of aggravated battery under Section 784.045(1)(a), Florida Statutes. Defense counsel suggested at trial that battery or aggravated battery were underlying felonies sufficient to support a third-degree murder finding. This court has so recognized. The error in failing to give the charge is reversible, not harmless.
Id., 423 So.2d at 615 (citations omitted). We find the failure to give the third-degree murder instruction in the present case to have been reversible error.
A troubling aspect of the trial was the prosecutor's conduct. Indeed, one of Sheridan's issues on appeal was that the trial court erred when it denied his motions for mistrial predicated upon repeated prosecutorial misconduct in closing argument. We note that the standard of review for prosecutorial misconduct is very strict. In order to require a new trial, the prosecutor's comments must either deprive the defendant of a fair and impartial trial, materially contribute to the conviction, be so harmful or fundamentally tainted as to require a new trial, or be so inflammatory that they might have influenced the jury to reach a more severe verdict than it would have otherwise reached. Voorhees v. State, 699 So.2d 602, 614 (Fla.1997). While the statements and conduct of Mr. Loughery do not meet this standard, we feel compelled to briefly comment on his insolent bearing in court.
Mr. Loughery repeatedly made improper statements during closing argument, including the reference to a defense theory as "desperate." The trial judge felt that Mr. Loughery was challenging him to declare a mistrial. When the trial judge questioned Mr. Loughery on this point, he responded:
Let me explain this. I certainly am not [attempting to have a mistrial declared], okay? And I hate to say this, but I will. You know, I have tried a lot of cases. I've never been reversed as a prosecutor for misconduct. Never. I've won most of my cases. I never had a conviction reversed. This is no different than things I might say in other cases.
Now, I don't know what your experience is with the prosecutors you've watched. Maybe they're a bunch of dishrags. I don't know. But what I'm doing is not improper, okay?
We have set forth this comment to demonstrate the arrogant attitude displayed by *226 the prosecutor during the trial of this extremely strong case. It was not necessary for Mr. Loughery to have "pushed the envelope" as he did. But for the fact that the evidence was so overwhelming and that Sheridan was convicted of a lesser offense than that with which he had been charged, Mr. Loughery's statements and actions may well have resulted in this court reversing the conviction due to prosecutorial misconduct.
Reversed and remanded for a new trial.
WHATLEY, A.C.J., and DAVIS, J., concur.
NOTES
[1] Section 782.04(4), Florida Statutes (1997), states:

(4) The unlawful killing of a human being, when perpetrated without any design to effect death, by a person engaged in the perpetration of, or in the attempt to perpetrate, any felony other than any:
(a) Trafficking offense prohibited by s. 893.135(1),
(b) Arson,
(c) Sexual battery,
(d) Robbery,
(e) Burglary,
(f) Kidnapping,
(g) Escape,
(h) Aggravated child abuse,
(i) Aggravated abuse of an elderly person or disabled adult,
(j) Aircraft piracy,
(k) Unlawful throwing, placing, or discharging of a destructive device or bomb,
(l) Unlawful distribution of any substance controlled under s. 893.03(1), cocaine as described in s. 893.03(2)(a)4., or opium or any synthetic or natural salt, compound, derivative, or preparation of opium by a person 18 years of age or older, when such drug is proven to be the proximate cause of the death of the user,
(m) Carjacking,
(n) Home-invasion robbery, or
(o) Aggravated stalking,
is murder in the third degree and constitutes a felony of the second degree....