NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DENNIS E. NEELEY,                         )
                                          )
          Appellant,                      )
                                          )
v.                                        )        Case No. 2D16-1183
                                          )
STATE OF FLORIDA,                         )
                                          )
          Appellee.                       )
_____)

Opinion filed February 17, 2017.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Hillsborough County; Kimberly K.
Fernandez, Judge.

Ryan C. Torrens of Torrens Law
Group, P.A., Tampa, for Appellant.

No appearance for Appellee.


SILBERMAN, Judge.

          Dennis Neeley appeals the order summarily denying his motions filed

under Florida Rule of Criminal Procedure 3.850. We affirm the portions of the

postconviction court's order that summarily deny claims one, two, and three of the first

motion and claims one and three of the amended motion. We reverse the portion of the

order that summarily denies claim two of the amended motion and remand for further

proceedings.

In ground two of his amended motion, Mr. Neeley asserted that his trial counsel was ineffective for failing to object when the prosecutor repeatedly told the jury in closing argument that his theory of defense was despicable, desperate, and a "re-victimization" of the victim. The postconviction court ruled that certain of the prosecutor's statements were improper but that "based on the testimony presented at trial, the Defendant has failed to demonstrate there is a reasonable probability that the outcome of the proceedings would have been different if counsel had objected to these statements."

The portions of the trial transcript that the postconviction court attached to its order in support of this ruling reflect that despite the substantial evidence presented by both parties, the case hinged upon the victim's testimony. The victim testified that Mr. Neeley sexually battered and molested her, and Mr. Neeley testified and denied her allegations. The State presented evidence of the victim's prior statements to support her testimony, and Mr. Neeley's wife testified to facts in support of the defense theory. The record attachments do not show that the State presented physical evidence of the crimes or evidence that Mr. Neeley ever confessed to the crimes asserted by the victim. The attachments also show that during her initial and rebuttal closing argument, the prosecutor referred to Mr. Neeley's theory of defense as a "re-victimization" of the victim five times, she ridiculed his defense as desperate five times, and she twice disparaged his defense as despicable. Indeed, the attachments show that the prosecutor concluded her rebuttal closing argument by imploring the jury: "And I just want to close once again with 'don't do it.' As [the victim] said, 'don't do it.' Don't re-victimize her."

The prosecutor's repeated references to Mr. Neeley's defense as desperate, despicable, and a "re-victimization" of the victim are unquestionably improper. See Sheridan v. State, 799 So. 2d 223, 225–26 (Fla. 2d DCA 2001) (recognizing that the prosecutor "repeatedly made improper statements during closing argument, including the reference to a defense theory as 'desperate' "); Brown v. State, 593 So. 2d 1210, 1211–12 (Fla. 2d DCA 1992) (stating that the prosecutor's comments that the victim was again "victimized" by having to testify at trial and that "he wanted to be able to call the victim and say that the jury had the courage to see the truth and that he was not victimized a second time" were improper appeals for sympathy that would create "hostile emotions toward the accused" and were improper expressions of personal belief); Kelly v. State, 842 So. 2d 223, 227 (Fla. 1st DCA 2003) (determining that a new trial was required, in part, because "a very large portion of the prosecutor's closing remarks appear to be calculated to generate hatred and ill will towards the defendant" and "invited the jury to make a finding of guilt for a reason other than evidence that demonstrated [the defendant] committed the crime"); Jenkins v. State, 563 So. 2d 791, 791 (Fla. 1st DCA 1990) (determining that the prosecutor's statements accusing defense counsel of further victimizing the victim were "clearly improper").

The record attachments do not reflect that Mr. Neeley's trial counsel objected to any of the statements now being challenged. Had counsel objected, improper argument that urged the jury to return a guilty verdict based on sympathy for the victim could have been avoided. To demonstrate prejudice on an ineffective assistance of counsel claim, "the defendant must show a reasonable probability that 'but for counsel's unprofessional errors, the result of the proceeding would have been

different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " Taylor v. State, 120 So. 3d 540, 548 (Fla. 2013) (quoting Johnston v. State, 63 So. 3d 730, 737 (Fla. 2011)); see also Carter v. State, 175 So. 3d 761, 767 (Fla. 2015).

Here, the attachments to the trial court's order reflect that the trial was a credibility contest. The attachments fail to show that there is not a reasonable probability that the outcome of Mr. Neeley's trial would have been different if his counsel had objected. We therefore reverse the portion of the postconviction court's order that summarily denies claim two of the amended motion and remand for further proceedings.

Affirmed in part, reversed in part, and remanded.

SLEET and ROTHSTEIN-YOUAKIM, JJ., Concur.